Submitted on record and briefs April 28, affirmed August 25, 1982

In the Matter of the Compensation of
Brian J. Wills, Claimant.
## WILLS,
*Petitioner,*
*v.*
## BOISE CASCADE CORP.,
*Respondent.*

(No. 80-07735, CA A22988)

650 P2d 109

Jerome F. Bischoff and Bischoff, Murray & Strooband, Eugene, filed the briefs for petitioner.

Ridgway K. Foley, Jr. and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The issue in this workers' compensation case is which of two employers is responsible for an injury to claimant's right wrist. Its resolution depends on whether the second of two injuries to the right wrist worsened the underlying condition or merely aggravated his symptoms.

Claimant fractured his right wrist on May 27, 1976, while working for Boise Cascade in Washington. He underwent two surgeries and subsequently received a 30 percent permanent partial disability award under Washington's Workers' Compensation law. When the Washington mill closed in March, 1979, claimant obtained employment at Boise Cascade's mill in Valsetz, Oregon. On May 2, 1980, he slipped while crossing a log chain and sprained his right wrist. He continued to experience increasing difficulties until a successful implant arthroplasty was performed on December 2, 1980. He returned to work at the Valsetz mill on January 1, 1981.

The Oregon employer accepted responsibility for the sprain but denied responsibility for the subsequent surgery. The referee set aside the denial, holding the Oregon employer responsible. The Board reversed the referee, stating:

"We find that the medical evidence establishes that the May 2, 1980 injury sustained by the claimant was a separate injury which did not contribute to the causation of the claimant's condition which required surgery. Under the last injurious exposure rule, the employer at the time of the original injury remains responsible for the claimant's surgery and any disability as a result thereof. *Smith v. Ed's Pancake House,* 27 Or App 361 (1976)."

We agree with the Board's conclusion.

The Board correctly characterized this case as one of responsibility rather than compensability. In *Smith v. Ed's Pancake House,* 27 Or App 361, 364, 556 P2d 158 (1976), we quoted from 4 Larson, Workmen's Compensation Law, 17-71 through 17-78, Section 95.12 (1976):

" 'The "last injurious exposure" rule in successive-injury cases places full liability upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability.

" 'If the second injury takes the form merely of a recurrence of the first and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second. * * *

" 'On the other hand, if the second incident contributes independently to the injury, the second insurer is solely liable even if the injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed the major part to the final condition. This is consistent with the general principle of the compensability with the aggravation of a pre-existing condition.' " 27 Or App 364-65.

*See also Bracke v. Baza'r,* 51 Or App 627, 626 P2d 918 (1981), *aff'd as modified* 292 Or 239, 646 P2d 1330 (1982). Claimant acknowledges the application of that rule to this case but argues that the evidence demonstrates that the May, 1980, incident contributed independently to his condition. We disagree.

Two opinions of claimant's treating physician in Oregon, Dr. Nathan, indicate that the May, 1980, accident aggravated claimant's *symptoms* but did not worsen his underlying *condition*. Dr. Nathan reported to the employer:

"It would be my opinion that all of the injuries have contributed to his present status, beginning in May of 1976 and continuing through May of 1980. The osteoarthritic changes definitely preceded the recurrent injury of May, 1980, however. The incident of May, 1980, most probably is limited to. an aggravation of his symptoms rather than any physical change within the wrist bones."

He responded similarly to claimant's inquires:

"I feel the incident in May of 1980 played a role in creating his current condition, which eventually led to an implant arthroplasty. As I stated in my December 4, 1980, letter to Ms. Kathleen A. Trempel of Boise Cascade, however, I do feel the incident of May, 1980, was an aggravation of symptoms rather than any physical change within the wrist bones."

Claimant relies upon those portions of Dr. Nathan's statements that indicate that the second injury "contributed to" claimant's status and that the May, 1980,

"incident played a role in creating [claimant's] current condition." Admittedly, those portions of Dr. Nathan's letters, considered alone, suggest that claimant's second accident contributed to his underlying condition. In both letters, however, the statements claimant relies on are followed by unequivocable statements that the second accident merely *aggravated* claimant's *symptoms*. We conclude, therefore, that the statements relied on by claimant merely indicated that the second injury made claimant's *symptoms* — his "current condition" — worse. Applying the "last injurious exposure" rule for subsequent injuries to the medical evidence and the record generally, we conclude that claimant's second injury did not contribute to claimant's underlying condition. We therefore uphold the Board's decision that the Oregon employer is not responsible for claimant's surgery following the second accident.

Affirmed.[1]

---

[1] Because of the disposition we make of this case, we are not required to consider respondent's alternative argument that this court should reconsider its holding in *Florence v. SAIF*, 55 Or App 467, 638 P2d 1161 (1982).