Argued and submitted September 30, affirmed in part; reversed in part and remanded December 7, 1983, reconsideration denied January 27, petition for review denied February 28, 1984 (296 Or 536)

In the Matter of the Compensation of
Thomas D. Parker, Claimant.

### PARKER,
*Petitioner,*

*v.*

### NORTH PACIFIC INSURANCE CO.,
*Respondent.*

(80-10438; CA A27534)

672 P2d 1248

Charles D. Colett, Portland, argued the cause for petitioner. On the brief were John M. Pitcher, and Galton, Popick & Scott, Portland.

William H. Walters, Portland, argued the cause for respondent. With him on the brief were Brian B. Doherty, and Miller, Nash, Yerke, Wiener & Hager, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Claimant appeals an order of the Workers' Compensation Board affirming the referee's opinion that upheld insurer's denial of three aggravation claims. He first suffered a compensable back sprain on July 25, 1979. Insurer accepted the claim on August 19, 1979. Claimant returned to work at a lighter job in December, 1979. The Evaluation Division issued a determination order on March 3, 1980, that held that he was entitled to temporary total disability for the 1979 injury from July to November, 1979, but not an award of permanent partial disability.

In early February, 1980, claimant again injured his back. On February 13, 1980, his treating physician wrote insurer:

> "Mr. Thomas Parker was seen in my office on February 4, 1980, for a reoccurrence of back pain. The symptoms were similar to his previous back injury. He has had no other back injury since."

On the basis of this letter, insurer accepted the February incident as an aggravation and paid time loss benefits. Claimant was released to return to work on April 28, 1980.

On August 5, 1980, and again on November 24, 1980, claimant suffered off-the-job back injuries, the first while playing softball and the second while reaching into the trunk of his car. Insurer accepted both as aggravation claims. A determination order closed all three aggravation claims on May 5, 1981, and on the basis of a report by an examining physician that claimant was medically stationary on February 23, 1981, awarded claimant time loss for periods through February 23, 1981.

On March 5, 1981, insurer received information from a second treating physician indicating that claimant's injury in February, 1980, occurred while claimant was "wrestling" with his wife. On May 22, 1981, insurer contacted that doctor by telephone to obtain additional information. On July 2, 1981, the doctor affirmed to insurer that "it is medically probable that Mr. Parker's wrestling activities caused the time loss and medical treatment he was incurring prior to and after his visit with [me] on September 24, 1980." Insurer then denied compensability of the February, 1980, injury, and

responsibility for all benefits and treatments from and after that date. Insurer asserted that recent medical evidence showed that the February, 1980, injury was a new injury and that it and the two subsequent injuries were not aggravations of the 1979 injury.

Claimant raises several assignments of error: the Board erred in upholding insurer's denials issued after it had accepted the claims and paid benefits; the denials of the second and third aggravation claims were unreasonable and should be reversed with penalties and attorney fees; claimant was not medically stationary on February 23, 1981, and is entitled to additional time loss benefits for the third aggravation claim for the period February 23 through May 26, 1981, and penalties and attorney fees for insurer's asserted failure to provide the Evaluation Division with all medical and vocational reports.

Following oral argument in this case, the Supreme Court decided *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983). In *Bauman,* the claimant alleged that a bursitis condition was compensable. The insurer accepted the claim as a non-disabling medical claim only. After the claimant's condition worsened, the insurer reversed its acceptance of the claim and denied it as non-compensable on the ground that it did not arise out of or in the course of the claimant's employment. The court held:

> "ORS 656.262(6) gives the insurer or self-insured employer 60 days after notice of the claim in which to accept or deny the claim. If, as in this case, the insurer officially notifies the claimant that the claim has been accepted, the insurer may not, after the 60 days have elapsed, deny the compensability of the claim unless there is a showing of fraud, misrepresentation or other illegal activity. The insurer or self-insured employer is not at liberty to accept a claim, make payments over an extended period of time, place the compensability in a holding pattern and then, as an afterthought, decide to litigate the issue of compensability."

Here, insurer accepted all three aggravation claims. Accordingly, with respect to that portion of the Board's order affirming the insurer's denial of the three aggravation claims, we remand the case to the Board for reconsideration in light of *Bauman* as to fraud or misrepresentation.

We affirm the Board's order to the extent that it rules that claimant was medically stationary on February 23, 1981, and was not entitled to time loss benefits after that date or penalties or attorney fees for not paying such benefits.[1]

Affirmed in part; and remanded for reconsideration.

---

[1] Insurer, in fact, paid time loss benefits to claimant to May 10, 1981, because, according to the referee, claimant did not receive the May 5, 1981, determination order until May 10.