Argued and submitted October 31, 1983, reversed; referee's opinion and order reinstated January 11, 1984

In the Matter of the Compensation
of Donna M. Skinner, Claimant.

## SKINNER,
*Petitioner,*

*v.*

## SAIF CORPORATION,
*Respondent.*

(WCB No. 80-03100; CA A27249)

674 P2d 72

Robert J. Guarrasi, Eugene, argued the cause for petitioner. On the brief was David C. Force, Eugene.

Brian L. Pocock, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant appeals a decision of the Workers' Compensation Board, which affirmed SAIF's denial of claimant's cervical back condition. On *de novo* review, we conclude that claimant's back condition is compensable.

In 1972, claimant sustained an on-the-job injury while employed as a green chain puller. She slipped and immediately complained of neck and shoulder pain. An acute cervical strain of the right posterior neck was diagnosed. The claim was closed with no award of permanent disability. In 1974, claimant again incurred an on-the-job injury to her neck as the result of pulling wood on the green chain. A strain of the right neck and shoulder was diagnosed. The claim was again closed with only temporary benefits. On September 1, 1977, claimant again hurt her neck by quickly turning her head while working. She underwent a fusion in August, 1978. A determination order was issued on June 1, 1979, granting claimant 10 percent permanent disability. On July 27, 1981, SAIF issued a denial of compensability of the original claim and of an aggravation claim as well. The denial was based primarily on a report by Dr. Baker that the torn ligament had occurred in an automobile accident in 1965. Before his report, claimant had seen numerous physicians and had specifically denied any previous neck injury to two of those physicians, Dr. Filarski and Dr. Baker.

Claimant requested a hearing on the denial. The referee entered an opinion disapproving SAIF's denial of the original injury, but approving that portion of the denial which relates to the request to reopen by Dr. Smith. Further, claimant's permanent disability was increased to 20 percent for her neck. The Board issued an opinion reversing the referee and reinstating SAIF's denial in its entirety.

■ The initial issue is whether the carrier can deny the claim under the Supreme Court's recent decision in *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), which held that, after an employer has accepted a claim, it may not later deny it "unless there is a showing of fraud, misrepresentation or other illegal activity." It is undisputed that the employer here had accepted the claim. Therefore, it was powerless later to deny the original claim, unless it established fraud, misrepresentation or other illegal activity.

■ On our *de novo* review we conclude that the employer did show a misrepresentation in the nature of a failure to disclose. In response to specific questions by at least two doctors, claimant denied any previous injury to her neck. Yet, it is undisputed that in 1965 she was involved in a serious automobile accident in which the car rolled and she hit her head on the roof of the car and suffered headaches and neck soreness. She was hospitalized for four days after that accident. A claimant's denial of previous injury, when such exists, is one kind of misrepresentation which must have been contemplated by the Supreme Court in *Bauman.* We therefore hold that the employer was entitled to deny the claim, even though it had previously accepted it.

■ However, that there was misrepresentation and that the employer could deny the claim does not necessarily resolve the case. Claimant may still prevail over the denial if she can establish by a preponderance of the evidence that, although she had a pre-existing condition, the injury which she sustained at work materially worsened her condition. *Larson v. Brooks-Scanlon,* 54 Or App 861, 636 P2d 984 (1981), *rev den* 292 Or 581 (1982). We conclude that under the facts of this case claimant has met her burden of proof.

■ The undisputed evidence establishes that, after the initial medical care following the 1965 automobile accident, claimant did not seek any treatment for her neck until she sustained the compensable injury in 1972. She testified that she had no difficulty with her neck during that period of time. She also recovered after the 1972 and 1974 industrial injuries, and she testified that she had been without any neck problems for a few years when she reinjured her neck in 1977. Before 1977, she went deer hunting, fishing, clam digging and crabbing. She and two of her friends testified that she did not complain of any problems with her neck during any of these activities before 1977. After 1977, she was unable to do any fast dancing, deer hunted only from the road or from a stationary post and was no longer able to throw a baseball. Thus, the evidence establishes that, although claimant had injured her neck in a 1965 automobile accident, she had had no residual problems from that accident for at least seven years thereafter.

The medical evidence is divided as to causation. Dr. Baker stated that claimant's cervical condition was probably caused by the auto accident in 1965 and that the 1977 incident only caused temporary symptoms and did not change the course of her pre-existing condition. His opinion appears to be based, at least in part, on his anger that claimant did not initially tell him about the 1965 car accident. Dr. Eaves stated that all treatment for claimant's cervical condition was related to her work and compensable. Dr. Smith stated that claimant's work-related injuries "represent the final physical aggravation of a pre-existing condition" which, once it became symptomatic, would remain so. Dr. Smith termed the 1977 incident a "severe aggravation of a pre-existing condition." We find that claimant has met her burden of proving by a preponderance of the evidence that her neck condition is causally related to her employment.

Reversed; referee's opinion and order reinstated.