Argued and submitted September 11, reversed and remanded November 7, 1984

In the Matter of the Compensation of
Benjamin G. Parker, Claimant.

PARKER,
*Petitioner,*

*v.*

D. R. JOHNSON LUMBER CO.,
*Respondent.*

690 P2d 1087

Dean Heiling, P.C., Roseburg, argued the cause and filed the brief for petitioner.

Rod R. Johnson, Roseburg, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

This workers' compensation case involves a "backup" denial of a low back claim. Claimant appeals from an order of the Board that affirmed a referee's order that claimant's injury was not work-related. The dispositive issue is whether employer has met its burden to prove that claimant misrepresented that his injury had occurred on the job. We reverse.

Claimant moved to Oregon in the summer of 1981 and began working as a planerman at D.R. Johnson Lumber Company (employer). In March, 1982, he injured his back while lifting a feeder roll. Initially, claimant's doctors diagnosed a hernia. On June 16, 1982, the hernia was surgically repaired. Although he recovered from the surgery, claimant's back pain continued. A myelogram was performed and revealed a herniated lumbar disc. On September 24, 1982, a laminectomy was performed.

Initially, employer accepted both the hernia and the back claims. Employer alleged, however, that it began to suspect the validity of the claims when it learned that claimant had never mentioned his on-the-job injury to his wife. It further alleges that it discovered from one of claimant's co-workers, Wyer, that claimant had told Wyer that he had hurt his back in California in February, 1982. On September 24, 1982, approximately three months after it had accepted the claim, employer issued its "backup" denial.

The referee affirmed employer's denial of the claim, stating:

> "The law imposes on claimant the burden of proving every element of his claim by a preponderance of credible evidence. There is evidence in this record of prior back complaints. There is evidence of a specific off-job incident in California shortly prior to the alleged work injury. There are discrepancies in the evidence regarding the date of the alleged work injury. There is a conflict in the testimony regarding the reporting of the alleged incident. There is a conflict in the testimony regarding back complaints following a trip to California in February 1982. There are discrepancies between the testimony and the recorded medical histories. On the entire record of testimony and documentary evidence, I am constrained to conclude that the burden of proof has not been

sustained. This conclusion is not based on demeanor evidence, but on the content of the testimony and the exhibits. While it appears that claimant has a back condition, the evidence does not establish that the condition arose out of and in the course of employment."

In affirming the referee, the Board reviewed *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), and stated:

"The insurer initially accepted claimant's claim. It attempted to retroactively deny the claim more than sixty days after receiving notice thereof. The Supreme Court recently has held that such backup denials are impermissible, 'unless there is a showing of fraud, misrepresentation or other illegal activity.' *Bauman v. SAIF,* 295 Or 788, 794 (1983). We have interpreted *Bauman* to impose upon the insurer the burden of proving fraud, misrepresentation or other illegal activity when the insurer attempts to deny a previously accepted claim. * * *"

After reviewing *Bauman* and its progeny, the Board concluded:

"[W]e understand the rule in burden of proof cases involving backup denials to be that the burden of going forward with some evidence of fraud, misrepresentation or other illegal activity lies with the insurer. Once this burden of going forward is met, it is the claimant's ultimate burden to prove the compensability of the claim. * * *

"We find that the insurer sustained its burden of proving fraud, misrepresentation or other illegal activity. We further find that * * * this finding is dispositive of the substantive issue concerning the merits of this claim. Therefore, we affirm the Referee's order which upheld the insurer's denial."

In *Bauman v. SAIF, supra,* 295 Or at 794, the court, in interpreting ORS 656.262(6), held that, when an insurer has notified a claimant that his claim has been accepted, the insurer may not, in the absence of fraud, misrepresentation or other illegal activity, deny the compensability of the claim. We recently have applied *Bauman* in two cases involving "backup" denials. *Wilkins v. SAIF,* 66 Or App 420, 674 P2d 78 (1984), involved an alleged fraud. We stated:

"SAIF alleges that claimant's entire claim was a fraud, because the accident did not happen. The referee, after evaluating all of the evidence, stated that 'it is impossible to believe that the accident occurred.' The Board agreed with

that finding. Both the referee and the Board found claimant not credible. Although we are not bound to do so, we normally defer to a referee's findings of credibility, because he was actually able to observe the witnesses. *Miller v. Granite Construction Co.*, 28 Or App 473, 477, 559 P2d 944 (1977). After *de novo* review of the evidence, we agree with the referee and the Board that the preponderance of the evidence supports SAIF's contention that the accident alleged by claimant never actually occurred."

In *Skinner v. SAIF*, 66 Or App 467, 674 P2d 72 (1984), we concluded that, despite the fact that the employer had proved the claimant's misrepresentation, claimant had nevertheless established the compensability of her claim:

"However, that there was a misrepresentation and that the employer could deny the claim does not necessarily resolve the case. Claimant may still prevail over the denial if she can establish by a preponderance of the evidence that, although she had a pre-existing condition, the injury which she sustained at work materially worsened her condition. *Larson v. Brooks-Scanlon*, 54 Or App 861, 636 P2d 984 (1981), *rev den* 292 Or 581 (1982). We conclude that under the facts of this case claimant has met her burden of proof."

The rule of *Bauman, Wilkins and Skinner* may be summarized as providing that a backup denial of an accepted claim must be supported by proof of fraud, misrepresentation or other illegal activity; it is then the employer's burden to prove, by a preponderance of the evidence,[1] those grounds for a denial. If the employer does so, the claimant may, nevertheless, proceed to prove, by a preponderance of the evidence, the compensability of the claim.

In the present case, the Board stated that "the rule in burden of proof cases involving backup denials [is] that the

---

[1] Claimant invites us to review our holding in *Wilkins v. SAIF, supra*, that fraud, in a backup denial claim, must be shown by a preponderance of the evidence. Claimant cites the familiar rule that common law fraud must be proved by clear and convincing evidence. *See e.g., Webb v. Clark*, 274 Or 387, 391, 546 P2d 1078 (1976). The measure of proof under the Workers' Compensation Act is by a preponderance of the evidence. In *Hutcheson v. Weyerhaeuser*, 288 Or 51, 55, 602 P2d 268 (1979), the court stated:

"We hold therefore, that in workers' compensation cases, whether at the administrative or the judicial level, the party having the affirmative of any given issue must prove it by a preponderance of the evidence unless the legislature fixes some different quantum of proof."

burden of going forward with some evidence of fraud, mis-representation or other illegal activity lies with the insurer." It then stated that "the insurer sustained its burden of proving fraud, misrepresentation or other illegal activity." It is unclear whether, in the latter statement, the Board was applying—as it must—a preponderance standard. On *de novo* review ORS 656.298(6), we are not persuaded that employer proved, by a preponderance, any of the *Bauman* exceptions, *i.e.,* fraud, misrepresentation or other "illegal activity." It is therefore unnecessary for claimant to prove compensability of his accepted claim.[2]

Reversed and remanded.

---

[2] Claimant's final assignment of error is moot.