Argued and submitted February 13, affirmed May 22, 1985

In the Matter of the Compensation of
Thomas D. Parker, Claimant.

PARKER,
*Petitioner,*

*v.*

NORTH PACIFIC INSURANCE CO.,
*Respondent.*

(80-10438; CA A32833)

700 P2d 255

Jill Backes, Portland, argued the cause for petitioner. With her on the brief were Gary M. Galton and Galton, Popick and Scott, Portland.

William H. Walters, Portland, argued the cause for respondent. With him on the brief were Brian B. Doherty and Miller, Nash, Wiener, Hager and Carlsen, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Claimant seeks review of a final order of the Workers' Compensation Board entered on remand after a previous review in this court. 66 Or App 118, 672 P2d 1248, *rev den* 296 Or 536 (1984). Initially, claimant appealed a denial by North Pacific Insurance Company (North Pacific) of three aggravation claims which arose after a wrestling incident on February 4, 1980. The referee found that claimant had failed to prove that the industrial injury was a material contributing cause of the condition and upheld North Pacific's denial. The Board affirmed. We reviewed the Board's decision in the light of *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983), and remanded that portion of the Board's order affirming North Pacific's denial of the three aggravation claims for reconsideration. On remand, the Board found that Parker had wilfully withheld from his treating physician any mention of the wrestling incident and that that intentional omission was within the exceptions to the rule in *Bauman* against backup denials. We affirm.

Our previous opinion states the facts:

"[Claimant] first suffered a compensable back sprain on July 25, 1979. Insurer accepted the claim on August 19, 1979. Claimant returned to work at a lighter job in December, 1979. The Evaluation Division issued a determination order on March 3, 1980, that held that he was entitled to temporary total disability for the 1979 injury from July to November, 1979, but not an award of permanent partial disability.

"In early February, 1980, claimant again injured his back. On February 13, 1980, his treating physician wrote insurer:

" 'Mr. Thomas Parker was seen in my office on February 4, 1980, for a reoccurrence of back pain. The symptoms were similar to his previous back injury. He has had no other back injury since.'

"On the basis of this letter, insurer accepted the February incident as an aggravation and paid time loss benefits. Claimant was released to return to work on April 28, 1980.

"On August 5, 1980, and again on November 24, 1980, claimant suffered off-the-job back injuries, the first while playing softball and the second while reaching into the trunk of his car. Insurer accepted both as aggravation claims. A determination order closed all three aggravation claims on May 5, 1981, and on the basis of a report by an examining

physician that claimant was medically stationary on February 23, 1981, awarded claimant time loss for periods through February 23, 1981.

"On March 5, 1981, insurer received information from a second treating physician indicating that claimant's injury in February, 1980, occurred while claimant was 'wrestling' with his wife. On May 22, 1981, insurer contacted that doctor by telephone to obtain additional information. On July 2, 1981, the doctor affirmed to insurer that 'it is medically probable that Mr. Parker's wrestling activities caused the time loss and medical treatment he was incurring prior to and after his visit with [me] on September 24, 1980.' Insurer then denied compensability of the February, 1980, injury, and responsibility for all benefits and treatments from and after that date. Insurer asserted that recent medical evidence showed that the February, 1980, injury was a new injury and that it and the two subsequent injuries were not aggravations of the 1979 injury."

As a threshold matter, it appears that the Board misapplied the standard of proof. It concluded that, when an insurer alleges one of the *Bauman* exceptions, its burden is to go forward with "some evidence" of fraud, misrepresentation or other illegal activity. After the Board's opinion in the present case, we considered the burden of proof issue in *Parker v. D.R. Johnson Lumber Co.,* 70 Or App 683, 687, 690 P2d 1087 (1984), and stated:

"[A] backup denial of an accepted claim must be supported by proof of fraud, misrepresentation or other illegal activity; it is then the employer's burden to prove, *by a preponderance of the evidence,* those grounds for a denial. If the employer does so, the claimant may, nevertheless, proceed to prove, by a preponderance of the evidence, the compensability of the claim." (Emphasis added.)

North Pacific's burden is to prove claimant's misrepresentation by a preponderance in order to support its backup denial. On *de novo* review, we conclude that it has met that burden. Claimant testified that he informed Dr. Walker of the wrestling incident in question. However, in a letter to claimant's attorney in response to a specific inquiry whether claimant had mentioned any wrestling incident during his office visit on February 4, 1980, Dr. Walker stated that he had not. Claimant further testified that he had informed North Pacific's claims manager of the wrestling incident. The claims

manager testified that he had not. We agree with the Board that the claims manager's testimony was not to the effect that he merely failed to recall the specific incident. Rather, he denied the truth of claimant's statements that he had related the incident at issue. We agree with the referee and the Board that these witnesses are more credible than claimant. A failure to disclose a previous injury is a type of misrepresentation contemplated by the *Bauman* exceptions. *Skinner v. SAIF,* 66 Or App 467, 470,674 P2d 72 (1984).[1]

Affirmed.

---

[1] Claimant did not contend that, notwithstanding any alleged misrepresentation, his claim was nonetheless compensable. *See Parker v. D.R. Johnson Lumber Co., supra,* 70 Or App at 687.