Argued and submitted September 20, 1985, affirmed in part, reversed and remanded in part September 10, reconsideration denied December 5, 1986, petition for review allowed January 21, 1987 (302 Or 571)

In the Matter of the Compensation of
Carolle J. Tucker, Claimant.

EBBTIDE ENTERPRISES et al,
*Petitioners,*

*v.*

TUCKER et al,
*Respondents.*

(WCB 83-00889, WCB 83-03022, WCB 83-03550; CA A33743)

724 P2d 866

Jerald P. Keene, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

W. T. Westmoreland, Tillamook, waived appearance for respondent Carolle J. Tucker.

J. P. Toby Graff, Portland, waived appearance for respondents New England Fish Co., and INA.

No appearance for respondent American Care Center.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

Newman, J., specially concurring.

### RICHARDSON, P. J.

The issues in this workers' compensation case are whether petitioner EBI properly denied a previously accepted new injury claim and whether EBI, SAIF or INA is responsible for a subsequent aggravation. The aggravation claim was filed in March, 1983. Claimant had previously suffered three compensable low back injuries during three different employments. The first injury occurred in 1977 and resulted in a disability award payable by INA. She suffered her second back injury in February, 1982, while employed as a nurses' aide by American Care Center. That employer's insurer, SAIF, accepted the claim, and claimant received an additional disability award. The third injury occurred in July, 1982, while claimant was an employe of Ebbtide Enterprises, whose insurer, EBI, accepted the claim in September. However, in January, 1983, EBI issued a "backup denial" of that claim. It asserts that the denial is permissible under *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983), because claimant told EBI about the earlier 1982 injury but did not inform it about the 1977 injury. That omission, according to EBI, brings the claim within the exception for "fraud, misrepresentation or other illegal activity" to the *Bauman* rule foreclosing insurers and employers from denying previously accepted claims. 295 Or at 794.

The referee agreed with EBI on that issue. He also concluded, as an independent basis for his decision, that the July, 1982, incident did not "in any way [contribute] to [claimant's] underlying condition" or to the aggravation. The referee therefore assigned responsibility to SAIF. The Board reversed. It concluded:

> "Our review of the record fails to persuade us that, had claimant informed EBI that her back problems originated with her 1977 industrial injury, rather than her more recent February 1982 injury, EBI's decision to accept the claim would have been any different. What claimant did consistently say to everyone, including the insurer's investigator and her doctors, rather graphically suggests at least the possibility that claimant's late 1982 problems originated with her early 1982 SAIF injury. If EBI did not follow this up with additional investigation, what basis is there for thinking it would have done anything differently had it known of the much older 1977 injury?

"\* \* \* \* \*

"In short, claimant's nondisclosure was immaterial and, therefore, EBI's retroactive denial is precluded by *Bauman.* It necessarily follows that EBI, rather than the SAIF Corporation, is responsible for payment of claimant's compensation."

■ EBI and Ebbtide seek review. We agree with the Board's finding that the purported misrepresentation was not material. EBI knew of claimant's February, 1982, injury and that she ascribed most of her July back problems to that injury at the time when it accepted her claim in September. She had already been awarded additional permanent partial disability for the February injury. EBI's contention that its acceptance was due to a material misrepresentation is untenable, and its backup denial was impermissible.

■ However, as we understand the Board's order, it resolves only the issue of whether EBI's denial of the 1982 claim was proper. It does not address the question of responsibility for the 1983 aggravation claim. In its appeal to the Board, SAIF sought review of the referee's conclusion on the backup denial and did not specifically ask the Board to decide whether the referee also erred in assigning responsibility for the aggravation to SAIF. The responsibility question was nevertheless subject to the Board's *de novo* review. *See Destael v. Nicolai Co.,* 80 Or App 596, 723 P2d 348 (1986). Although it is plainly within our authority to decide the responsibility issue on *de novo* review without the Board first having considered it, it is also plainly within our discretion to remand for a determination by the Board. ORS 656.298(6). The referee described the medical evidence regarding which injury or injuries contributed to the March, 1983, "flare-up" as being "unfortunately scant." Given the Board's holding and ours that EBI is bound by its acceptance of claimant's most recent injury, EBI has the burden of rebutting the presumption that it is responsible for the aggravation. *Industrial Indemnity Co. v. Kearns,* 70 Or App 583, 690 P2d 1068 (1984); *see also Boise Cascade Corp. v. Starbuck,* 296 Or 238, 675 P2d 1044 (1984). We conclude that the parties should have the benefit of the Board's evaluation of the evidence.[1]

---

[1] It is not clear from the referee's opinion whether he placed the burden of rebutting the presumption of responsibility on EBI, notwithstanding his conclusion that EBI's backup denial of the most recent injury claim was permissible.

Reversed and remanded for further proceedings on the aggravation claim; otherwise affirmed.

**NEWMAN, J.,** specially concurring.

I believe that EBI's backup denial was proper. The majority states that claimant's failure to disclose a prior injury to the same body part was not a *material* misrepresentation. The majority reasons that, because EBI knew of one prior injury, it would have necessarily accepted the claim had it known of two. Because the misrepresentation did not change EBI's decision, the reasoning continues, it was not material. I disagree. Claimant's nondisclosure concerned the same body part involved in the claim. Moreover, the medical evidence indicates that her 1977 injury was a significant factor in her subsequent disabilities, including the disability involved in the 1982 claim against Ebbtide. Under these circumstances, I would hold that claimant's failure to disclose her 1977 injury to EBI was material and a misrepresentation within the meaning of *Bauman v. SAIF*, 295 Or 788, 794, 670 P2d 1027 (1983). *See Parker v. North Pacific Ins. Co.*, 73 Or App 790, 794, 700 P2d 255 (1985); *Skinner v. SAIF*, 66 OR App 467, 470, 674 P2d 72 (1984).

The majority's approach to the materiality issue is based on speculation. I can see little advantage to encouraging such speculation by requiring the insurer to prove that it would have acted differently if it had known of facts that claimant did not disclose, when the record shows that the non-disclosed injury was to the same body part as was involved in the accepted injury and materially contributed to it. Any increase in "fairness" that such a rule might promote would be outweighed by the increase in uncertainty that it would create, particularly because the insurer is only seeking an opportunity to litigate the claim. I would hold that claimant's misrepresentation is material and would reverse the Board on this issue.

As the majority notes, the referee found that claimant's work for Ebbtide did not in any way contribute to her subsequent injury. 81 Or App 111. Even if the back-up denial is allowed under *Bauman*, EBI may still be responsible for the aggravation claim if the evidence shows that the denial should not be affirmed. The majority concludes that the parties should have the benefit of the Board's evaluation, not yet made, of the evidence on this point and remands for further

proceedings on the aggravation claim. Because that disposition is reasonable under the circumstances, I concur.