Argued and submitted March 3, affirmed in part and reversed in part June 9, 1987

In the Matter of the Compensation of
Carolle J. Tucker, Claimant.

EBBTIDE ENTERPRISES et al,
*Petitioners on Review,*

*v.*

TUCKER et al,
*Respondents on Review.*

(WCB 83-00889, 83-03022, 83-03550;
CA A33743; SC S33464)

738 P2d 194

Jerald P. Keene, Portland, argued the cause and filed the petition for petitioners on review. With him on the petition for review was Roberts, Reinisch & Klor, P.C., Portland.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation.

Ridgway K. Foley, Jr., P.C., Portland, filed a response for New England Fish Co. and INA to Petition for Review of Ebbtide Enterprises and EBI Company. With him on the response was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

CAMPBELL, J.

## CAMPBELL, J.

This case arises under the Workers' Compensation Law. The issue is whether the rule of *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), which prohibits "backup" denials[1] of the compensability of a claimant's injury, applies to backup denials of responsibility for a claimant's injuries where the claimant's benefits are not affected. If the *Bauman* rule applies we must address the subsidiary issue of whether claimant's failure to disclose a previous injury was a misrepresentation sufficiently "material" to justify a backup denial in this instance. An independent issue is whether the Court of Appeals acted appropriately in remanding the case to the Workers' Compensation Board for further proceedings on the question of responsibility for claimant's worsened condition.

Claimant sustained a low back injury in 1977 while working for the New England Fish Company. She sustained similar injuries in February 1982 while working as a nurse's aide for American Care Center and in July 1982 while working for Ebbtide Enterprises. Claimant filed for compensation for each of these injuries, and each employer accepted the claim made against it. In March 1983 claimant filed a claim under ORS 656.273 for additional compensation for worsened condition. EBI, Ebbtide Enterprises' insurer, denied responsibility for the aggravation and retroactively denied the July 1982 claim. A Workers' Compensation Board referee found that the backup denial was permissible under *Bauman v. SAIF, supra,* because when EBI accepted the claim, claimant had failed to disclose the 1977 injury. The referee considered this non-disclosure a misrepresentation sufficiently material to justify the backup denial under the "fraud, misrepresentation or other illegality" exception to the *Bauman* rule. The referee then concluded that there was insufficient evidence to establish that "claimant's brief period of work for Ebbtide Enterprises in any way contributed to her underlying condition." The referee ruled that under the last injurious exposure rule SAIF, American Care Center's insurer, was responsible for claimant's 1983 aggravation. SAIF sought review by the Workers' Compensation Board of the backup denial issue. The Board reversed on the ground that claimant's failure to

---

[1] A "backup" denial is a retroactive denial of a previously accepted claim.

disclose the 1977 injury was not an omission of material fact, so that EBI's retroactive denial was precluded by *Bauman.* Having reached this conclusion, the Board stated: "It necessarily follows that EBI, rather than SAIF Corporation, is responsible for payment of claimant's compensation."

EBI appealed the Board's conclusion concerning the materiality of the nondisclosure to the Court of Appeals. After the Court of Appeals delivered its opinion in *Retchless v. Laurelhurst Thriftway,* 72 Or App 729, 696 P2d 1181 (1985), EBI added a challenge to the applicability of the *Bauman* rule in this case. The Court of Appeals affirmed the Board on the backup denial, but remanded the case for further proceedings on the issue of responsibility for the aggravation. *Ebbtide Enterprises v. Tucker,* 81 Or App 109, 724 P2d 866 (1986). In its petition for review to this court, EBI renews its challenges to the applicability of *Bauman* and to the finding that claimant's nondisclosure of the prior back injury was not material and adds a challenge to the propriety of the Court of Appeals consideration and remand of the responsibility issue when the referee's decision on that issue was not specifically challenged by SAIF. We affirm the Court of Appeals on the issue of applicability of the *Bauman* rule to this case, but we conclude that remand of the case to the Board was unnecessary.

In *Bauman v. SAIF, supra,* we addressed the issue of whether an insurer, having accepted a claim under ORS 656.262(6), may deny compensability of the claim more than 60 days after the employer has notice or knowledge of the claim. After considering the applicable statutes, we concluded:

"ORS 656.262(6) gives the insurer or self-insured employer 60 days after notice of the claim in which to accept or deny the claim. If, as in this case, the insurer officially notifies the claimant that the claim has been accepted, the insurer may not, after the 60 days have elapsed, deny the compensability of the claim unless there is a showing of fraud, misrepresentation or other illegal activity. The insurer or self-insured employer is not at liberty to accept a claim, make payments over an extended period of time, place the compensability in a holding pattern and then, as an afterthought, decide to litigate the issue of compensability. We need not list all of the possible ramifications of such conduct but it is readily evident that problems involving lapsed memories, missing witnesses, missing medical reports, and a host of

other difficulties would arise from the delayed litigation of the compensability of a claim. The statutory scheme in ORS 656.262 envisions a speedy resolution of workers' compensation claims including a penalty provision, ORS 656.262(9), for unreasonable delays in the acceptance or denial of a claim. Not only can a penalty be imposed for the unreasonable delay of accepting or denying a claim but *we hold that once a claim has been accepted the insurer or self-insured employer may not withdraw such acceptance.*"

*Bauman v. SAIF, supra,* 295 Or at 793-94 (emphasis added).

■     EBI notes that claimant's benefits in this case had been suspended before EBI issued its backup denial, and that the denial "did nothing more than set up a dispute between the insurers about their respective liability for claimant's low back condition." EBI suggests that the *Bauman* rule is not applicable to backup denials of responsibility where the claimant's benefits are not affected. We disagree. In reaching the conclusion in *Bauman* that backup claim denials are impermissible under the Workers' Compensation Law, we relied not upon a perceived threat to claimant's benefits, but upon the institutional costs of permitting such denials. We identified problems of proof and the need for stability in the system and for speedy resolution of claims as policies advanced by the rule of finality imposed by the statutes. These considerations are as persuasive in disputes between insurers as they are in disputes between an insurer and a claimant. Having once accepted a claim an insurer may not, in the face of an aggravation claim, simply deny responsibility for the original claim and cast the burden of proving that insurer's responsibility upon an earlier insurer whose access to evidence regarding the later claim is necessarily inferior to that of the later insurer. We conclude, following *Bauman,* that EBI's retroactive denial of the July 1982 claim was ineffective absent a showing of fraud, misrepresentation or other illegal activity.

EBI argues that claimant's failure to disclose her 1977 back injury is just such a misrepresentation, and that it is sufficiently material to come within the *Bauman* exception. The Workers' Compensation Board referee agreed. The Board reversed, stating:

"* * * We believe it is consistent with *Bauman,* if not compelled by *Bauman,* to require that the insurer establish the colorable materiality of the undisclosed fact, and *how its*

*acceptance decision could reasonably have been affected by the insurer's knowledge of the fact.*

"Our review of the record fails to persuade us that, had claimant informed EBI that her back problems originated with her 1977 industrial injury, rather than her more recent February 1982 injury, EBI's decision to accept the claim would have been any different. What claimant did consistently say to everyone, including the insurer's investigator and her doctor, rather graphically suggests at least the possibility that claimant's late 1982 problems originated with her early 1982 SAIF injury. If EBI did not follow this up with additional investigation, what basis is there for thinking it would have done anything differently had it known of the much older 1977 injury?" (Emphasis added.)

The Court of Appeals, reviewing the evidence *de novo*, affirmed, stating:

"We agree with the Board's finding that the purported misrepresentation was not material. EBI knew of claimant's February, 1982, injury and that she ascribed most of her July back problems to that injury at the time when it accepted her claim in September. She had already been awarded additional permanent partial disability for the February injury. EBI's contention that its acceptance was due to a material misrepresentation is untenable, and its backup denial was impermissible."

81 Or App at 112.

■ ■ EBI maintains that the Board and the Court of Appeals employed an inappropriate standard of materiality in reaching their conclusions. EBI reads these opinions as imposing upon an insurer the burden of proving that it would have denied responsibility had the undisclosed information come to light before acceptance. Of course, so stringent a standard of materiality would be improper. Such a test was not applied. The Board required only a showing that the insurer's decision "could reasonably have been affected" by knowledge of the prior injury. We agree that this is an appropriate measure of materiality for the purpose of justifying a backup denial.[2] The Board concluded that the insurer's

---

[2] Petitioner proposes a rule of *per se* materiality for undisclosed injuries to the same part of the body as that which is the subject of the disputed claim. We reject this proposal. That the prior injury is to the same part of the body as the injury that is the subject of the claim should ease the insurer's burden of proving materiality enough to obviate any need to shift the burden of rebutting materiality to the claimant.

knowledge of the early 1982 injury vitiated the alleged materiality of the concealed information, and the Court of Appeals agreed. Because a proper standard for determining materiality was employed and because there is substantial evidence to support these findings, we will not disturb them on review.

EBI next argues that SAIF's failure specifically to challenge the referee's decision on the responsibility issue rendered improper the court's subsequent remand to the Board for further consideration of that issue. The Court of Appeals concluded:

> "* * * [A]s we understand the Board's order, it resolves only the issue of whether EBI's denial of the 1982 claim was proper. It does not address the question of responsibility for the 1983 aggravation claim. In its appeal to the Board, SAIF sought review of the referee's conclusion on the backup denial and did not specifically ask the Board to decide whether the referee also erred in assigning responsibility for the aggravation to SAIF. The responsibility question was nevertheless subject to the Board's *de novo* review. *See Destael v. Nicolai Co.,* 80 Or App 596, [723 P2d 348] (1986). Although it is plainly within our authority to decide the responsibility issue on *de novo* review without the Board first having considered it, it is also plainly within our discretion to remand for a determination by the Board. ORS 656.298(6)."

81 Or App at 112.

■　　We need not address at this time the propriety of the Court of Appeals' consideration and remand of an issue not addressed to it. We conclude that remand of this case to the Board is unnecessary because, as the Board concluded, resolution of the *Bauman* issue resolved the question of responsibility.[3] The Workers' Compensation Law, as we interpreted it in *Bauman* and in this case, precludes an insurer or self-insured employer from retroactively denying a claim more than 60 days after receiving notice of the injury. In a case such as this, the insurer who has accepted the most recent claim may not seek to prove that the accepted injury did not occur, nor that it was of a type or severity other than that claimed and accepted.

---

[3] The Board had concluded:

"* * * [C]laimant's nondisclosure was immaterial and, therefore, EBI's retroactive denial is precluded by *Bauman*. It necessarily follows that EBI, rather than SAIF Corporation, is responsible for payment of claimant's compensation."

We agree with the statement of the rule adopted by the Board and the Court of Appeals that

"'* * * Where there are multiple accepted injuries involving the same body part, we will assume that the last injury contributed independently to the condition now requiring further medical services or resulting in additional disability, and the employer/insurer on the risk at the time of the most recent injury has the burden of proving that some other accepted injury last contributed independently to the condition which presently gives rise to the claim for compensation; e.g., that its accepted injury caused only symptoms of the condition or involved a different condition affecting the same body part.'"

*Industrial Indemnity Co. v. Kearns,* 70 Or App 583, 585-86, 690 P2d 1068 (1984). *See also Wills v. Boise Cascade Corp.,* 58 Or App 636, 650 P2d 109 (1982).[4]

It appears that EBI has sought to prove only that the July 1983 injury it accepted did not, in fact, occur. EBI has argued that it successfully rebutted any inference of responsibility for the aggravation, and notes that the referee concluded as follows:

"There is no evidence, lay or expert, which indicates that claimant's brief period of work for Ebbtide Enterprises in any way contributed to her underlying condition. The medical evidence, though unfortunately scant, seems to indicate that claimant's March 1983 flare-up was but one of many such occurrences claimant has experienced since at least 1977. I conclude, on the record before me, that claimant experienced no disability as a result of her employment at Ebbtide Enterprises."

The referee's conclusion is possible only if EBI's backup

---

[4] This rule conforms to Larsons' statement that

"The 'last injurious exposure' rule in successive-injury cases places full liability upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability. * * *.

"When an employee sustains a subsequent industrial injury which is found to be a 'new' injury, the insurer at risk at the time of the second injury is liable for all of claimant's benefits. This is true even if the second injury would have been much less severe in the absence of the prior condition and even if the prior injury contributed the major part to the final condition. This is consistent with the normal compensation rule for preexisting injuries — the employer (or insurer) takes his employee as he finds him."

4 Larson, Workmen's Compensation Law 17-112 to 17-122, §§ 95.20 to 95.21 (1987).

denial of the July 1982 claim is permissible. *Bauman* otherwise precludes the insurer from seeking to prove that the accepted injury did not occur. We held above that EBI's backup denial was not permissible, thus limiting the scope of the insurer's rebuttal. EBI's efforts to disclaim responsibility for the accepted injury exceed that scope. Consequently, resolution of the *Bauman* issue resolves too the issue of responsibility for the aggravation claim. Under these circumstances, remand to the Board was unnecessary and inappropriate.

To summarize, we hold, following *Bauman,* that the Workers' Compensation Law precludes EBI's attempt retroactively to deny the July 1983 claim absent a showing of fraud, illegality or material misrepresentation. We conclude that the Board and the Court of Appeals applied an appropriate standard of materiality in evaluating claimant's misrepresentations regarding prior injuries. Because there is substantial evidence supporting the conclusion that claimant's nondisclosure of the 1977 injury was not material, we will not disturb that conclusion on review. We reverse the Court of Appeals' remand of the case as inappropriate given the nature of the evidence produced by EBI. The Board correctly determined that application of the *Bauman* rule rendered EBI responsible for the aggravation claim.

The Court of Appeals is affirmed in part and reversed in part. The decision of the Workers' Compensation Board declaring EBI responsible for claimant's aggravation and ordering payment of compensation is affirmed.