Argued and submitted January 11, affirmed June 22, 1988

In the Matter of the Compensation of
James R. Salyers, Claimant.
**LIBERTY NORTHWEST
INSURANCE CORPORATION et al,**
*Petitioners,*

*v.*

**SALYERS,**
*Respondent.*

(WCB No. 85-15982; CA A43801)

756 P2d 655

E. Jay Perry, Eugene, argued the cause and filed the brief for petitioners.

James L. Edmunson, Eugene, argued the cause for respondent. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

### JOSEPH, C. J.

Employer seeks review of a Workers' Compensation Board order affirming the referee's decision to set aside denial of claimant's injury claim. We affirm.

On Friday, June 7, 1985, claimant, while helping to lift a 300-pound log at work, felt a tearing and burning sensation in his left arm. Later that day, he underwent a routine performance evaluation by his supervisor but did not mention the incident. He also failed to tell his wife.[1] The next day, while attempting to carry a television from the house to his car, he felt the same tearing and burning sensation in the arm. His wife took him to the hospital, where pain medication and application of ice were prescribed. At work on the following Monday, claimant told his supervisor that he had injured his arm on Friday while lifting the log. He contends that he also told the supervisor about the television carrying incident. The supervisor advised him to file a compensation claim.

Claimant's family doctor diagnosed a ruptured bicep tendon and referred him to a specialist, Dr. Butters, who performed surgery to repair the tendon and provided follow-up care. Initially, claimant did not file a compensation claim. Instead, he filed a claim under an insurance policy which covered medical expenses and disability. He did not file a compensation claim until July 3, 1985. After surgery was recommended, he mentioned the injury to a different supervisor, who insisted that he file a claim. Claimant testified that he was hesitant to do that, because employer had a policy of discouraging workers' compensation claims and terminating employes who filed them. However, he had previously filed two claims without suffering any such repercussion. He missed no work after the injury until the surgery.

Employer accepted the claim in August, 1985. In December, 1985, employer issued a retroactive denial of the claim, based on a claim of fraud, misrepresentation or other illegality, after claimant's ex-wife reported that he was injured only from lifting the television set and that the on-the-job injury had not occurred. At the hearing on the denial, the

---

[1] Claimant had a stormy relationship with his wife and had moved out of the family home a number of times. She first suggested to employer that he might not have made a full disclosure. The marriage was dissolved shortly after claimant's surgery.

referee found all the witnesses credible and that the evidence was in equipoise. Therefore, because employer had failed to carry its burden of proof by a preponderance of the evidence, the claim was held to be compensable.

An employer may issue a late denial of an accepted claim only on a showing of fraud, misrepresentation or other illegality, *Bauman v. SAIF,* 295 Or 788, 794, 670 P2d 1027 (1983), and has the burden of establishing, by a preponderance of the evidence, the basis for the denial. *Parker v. North Pacific Ins. Co.,* 73 Or App 790, 793, 700 P2d 255 (1985); *Parker v. D.R. Johnson Lumber Co.,* 70 Or App 683, 687, 690 P2d 1087 (1984). Employer contends that claimant intentionally failed to disclose the home injury to his physicians and that his failure to disclose is sufficiently material to justify a backup denial under *Bauman.* We disagree. The employer's burden is to show that knowledge of the nondisclosed injury "could reasonably have affected" its decision to accept the claim. *Ebbtide Enterprises v. Tucker,* 303 Or 459, 464, 738 P2d 194 (1987). It has not done that.

Although much of the testimony was in conflict, the referee did not find one side more credible than the other, and we are loathe simply to second-guess him. *See Havice v. SAIF,* 80 Or App 448, 452, 722 P2d 742 (1986). On *de novo* review, we are not persuaded that knowledge of the television carrying incident would have affected the decision to accept the claim. Claimant has never denied that the incident happened. The evidence indicates that he merely considered it a consequence of the on-the-job incident. In addition, he had missed no work and stood to gain little, if anything, from nondisclosure.[2]

We hold that employer has not established a sufficient basis for a backup denial. For that reason, it was not necessary for claimant to establish the compensability of the claim, which had already been accepted. *Parker v. North Pacific Ins. Co., supra,* 73 Or App at 793; *Parker v. D.R. Johnson, supra,* 70 Or App at 687.

Affirmed.

---

[2] All of the medical expenses were covered by his private insurance.