Argued and submitted April 1, reversed and remanded to referee for determination of benefits, penalties and attorney fees November 2, reconsideration denied December 23, 1988, petition for review denied January 18, 1989 (307 Or 326)

In the Matter of the Compensation of
Benny G. Parker, Claimant.

PARKER,
*Petitioner,*

*v.*

D. R. JOHNSON LUMBER CO.,
*Respondent.*

(WCB 85-10591; CA A45598)

763 P2d 1194

Dean Heiling, Roseburg, argued the cause for petitioner. With him on the brief was Heiling & Morrison, P.C., Roseburg.

E. Jay Perry, Eugene, argued the cause for respondent. With him on the brief was Employers Defense Counsel, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Claimant seeks review of a Workers' Compensation Board order affirming the referee's decision that he is not entitled to penalties and attorney fees. We review pursuant to ORS 183.482(7) and (8) and reverse and remand.

There are four Board orders. We review only the last one, Order IV. On January 15, 1985, pursuant to our decision in *Parker v. D. R. Johnson Lumber Co.,* 70 Or App 683, 690 P2d 1087 (1984), the Board issued an order on remand (Order I), ordering employer to accept claimant's back claim. Employer did not seek review of that order, and it became final. On January 22, 1985, it filed a Board motion seeking another hearing on the question decided in our opinion on the ground that we had changed the burden of proof. The Board issued an order on reconsideration (Order II) on January 30, 1985, denying a new hearing. It did not abate Order I. Employer sought review, and we affirmed Order II without opinion on October 23, 1985. *D. R. Johnson Lumber Co. v. Parker,* 76 Or App 212, 707 P2d 643, *rev den* 300 Or 470 (1985).

In the meantime, on February 12, 1985, claimant had filed a request for hearing, alleging that employer's motion for rehearing had been filed for the purpose of delay and without reasonable grounds. ORS 656.382(2). Claimant also sought payment of temporary total disability and medical benefits and requested a penalty and attorney fees for employer's continued nonpayment.

On March 22, 1985, employer paid claimant $25,884.88 for temporary total disability from September 13, 1982, through April 17, 1984. Claimant had not been released for work, and employer had not sought claim closure. Employer explains that its decision not to pay disability benefits for the period after April 17, 1984, was based on a medical report of May 18, 1984, from which it determined that claimant had become medically stationary on April 17, 1984.

A referee issued an order dismissing claimant's request for hearing on the ground that it had been prematurely filed, because the benefits under Order I did not become due until 14 days after Order II, on February 14, 1985. Claimant requested Board review. On July 17, 1986, in Order III, the Board affirmed the referee as to the medical benefits,

on the grounds that employer's obligation to pay those benefits was stayed pursuant to ORS 656.313(4) pending employer's petition for review of Order I or, in the alternative, that the petition was premature as to medical benefits, because they did not become due until 90 days after Order I. It correctly reasoned, however, that Order II did not extend the deadline for the payment of benefits for disability, because it neither abated nor withdrew Order I. It determined that payment of those benefits was not stayed pending review and became due 14 days after Order I. On the merits, Order III awarded claimant penalties and attorney fees on "amounts due under [Order I]."

Employer did not seek review of Order III. However, it did not pay penalties and attorney fees or temporary total disability due after April 17, 1984, and claimant again sought a hearing. The Board issued the order on review here (Order IV), affirming without opinion the referee's determination that the issue of claimant's entitlement to benefits for temporary total disability for the period after April 17, 1984, and related penalties, either should have been raised before or had been decided adversely to claimant in Order III. It determined that Order III awarded penalties and attorney fees only with respect to the amount of temporary disability that had been paid by employer on March 22, 1985, and said nothing about whether claimant was entitled to benefits after April 17, 1984.

Reading Order III as a whole, we disagree with Order IV and conclude that, although Order III did not expressly discuss the question of claimant's entitlement to disability benefits after April 17, 1984, it implicitly decided that question *favorably* to claimant. The first paragraph of the referee's order in that proceeding indicates that claimant raised the question of employer's continued failure to pay temporary total disability. It can be inferred from Order III that the Board assumed that employer had a continuing obligation to pay benefits after April 17, 1984, because, although there was evidence that he was medically stationary, he had not been released for work and employer had not sought claim closure. The order recites that, on March 22, 1985, employer "paid a *portion* of the temporary disability benefits" due (emphasis supplied), thereby suggesting that additional benefits for disability were due. It requires employer to pay a penalty on "the amount due under [Order I]," again suggesting that there was

still an amount due. Implicit in Order III is the conclusion that the duration of claimant's temporary disability was then undetermined but that it extended beyond April 17, 1984. The penalty assessed by Order III applies to whatever benefits ultimately are determined to be due under Order I. Employer did not seek review of Order III, and it became final.

Claimant is entitled to penalties and attorney fees for late payment of temporary total disability benefits now due. Because of our disposition of the petition for review, we do not reach claimant's remaining assignments.

Reversed and remanded to the referee for a determination of benefits, penalties and attorney fees.