632 December 17, 2025 No. 1077

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Juan Alvarez,
Claimant.

Juan ALVAREZ,
*Petitioner,*

*v.*

SAIF CORPORATION
and D & R Masonry Restoration,
*Respondents.*

Workers' Compensation Board
2200117;
A184005

Argued and submitted November 19, 2025.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was Law Offices of Jodie Anne Phillips Polich, P.C.

Beth Cupani argued the cause and filed the briefs for respondents.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this workers' compensation case, claimant seeks judicial review of an order of the Workers' Compensation Board (the board), arguing that the board erred in determining that SAIF Corporation (SAIF), employer's workers' compensation insurer, had met its burden of proof under ORS 656.262(6)(a). Claimant argues that SAIF had failed to adequately establish fraud, misrepresentation, or other illegal activity when issuing a "back up denial" revoking the previously issued Notice of Acceptance of claimant's workers' compensation claim. SAIF argues that the revocation was proper, because SAIF's acceptance of the claim could reasonably have been affected had claimant disclosed certain information and that the board's determination that the failure to disclose that information was a material misrepresentation was supported by substantial evidence and substantial reason. Reviewing the board's legal conclusions for errors of law, ORS 183.482(8)(a); *Curry Educational Service Dist. v. Bengtson,* 175 Or App 252, 27 P3d 526 (2001), and its factual findings for substantial evidence, ORS 183.482(8)(c); *Greenbriar Ag Management v. Lemus,* 156 Or App 499, 965 P2d 493 (1998), *rev den* 328 Or 594 (1999), we affirm.

On August 30, 2021, claimant filed a workers' compensation claim for injuries allegedly sustained in a fall at work on August 9, 2021. SAIF accepted that claim on October 7, 2021. After accepting the claim, SAIF obtained records indicating that claimant had suffered a serious fall at his home on the same day as the alleged fall at work and had sustained his injuries from the fall at home. On December 21, 2021, SAIF notified claimant that it was denying his claim pursuant to ORS 656.262(6)(a), because it had "obtained evidence that [claimant's] claim was procured by fraud, misrepresentation, or other illegal activity."

ORS 656.262(6)(a) allows an "insurer or self-insured employer [to] revoke acceptance and issue a denial at any time when the denial is for fraud, misrepresentation or other illegal activity by the worker." A denial under that statute is commonly referred to as a "back up" denial. *See Ebbtide Enterprises v. Tucker,* 303 Or 459, 461, n 1, 738 P2d 194 (1987) (stating that a back-up denial is "a retroactive denial of a

previously accepted claim"). The insurer must establish that the misrepresentation was material by showing that its decision to accept the claim "could reasonably have been affected" if the true facts had been disclosed. *Id.* at 464 (internal quotation marks omitted); *Greenbriar Ag Management*, 156 Or App at 505 ("[T]he inquiry reduces to a factual determination: In the totality of the circumstances of *this* case, could *this* insurer's acceptance decision 'reasonably have been affected' by the undisclosed information? If the board's resolution of that factual issue is supported by substantial evidence in the record, we must affirm." (Emphases in original.)).

Here, the board concluded that SAIF had met its burden to prove that claimant had misrepresented the cause of his injury, and that SAIF's decision to accept the claim "could reasonably have been affected" had claimant disclosed all the circumstances related to his injury. As discussed below, and in light of the record in this case, we conclude that the board's determination that SAIF's decision could have been affected by undisclosed information was supported by substantial evidence and substantial reason.

In reaching its decision, the board relied on an ambulance report (stating in part that "[the patient] states he fell off the roof of his house approximately [two hours] prior to [the] alert" (capitalization omitted)), an emergency room report (stating in part that "[the patient] reports he was up on the roof installing his son's AC unit when he slipped and fell off the roof onto the grass" (capitalization omitted)), and a 9-1-1 call placed by claimant's wife (stating in part that "[m]y husband fell off the roof and he walked into the house" after "putting in an air conditioner"). Relying on that information, the board determined that claimant's claim that he was injured in a workplace accident was a material misrepresentation. Additionally, the board heard testimony from the claims adjuster who worked on claimant's case, who testified that she made "probably five attempts" to obtain a legible copy of the ambulance report before receiving it after the claim had been accepted, and that she did not receive a transcript or recording of the 9-1-1 call until after the claim had been accepted. The claims adjuster testified that both the ambulance report and the 9-1-1 call would have affected

her decision to accept the claim. Based on that testimony, the ambulance report, the emergency room report, and the 9-1-1 call, the board concluded that SAIF met its burden to prove that claimant had misrepresented the cause of his injury and that SAIF's decision to accept the claim could reasonably have been affected had claimant disclosed the cause of his injury.

We note that the board's findings also reflect that while working as a foreman "[o]n August 9, 2021, * * * [c]laimant slipped and fell while climbing an access ladder" and also that "[a]t some point after he went home, [c]laimant * * * slipped off the roof of his residence." Claimant argues that SAIF failed to meet its burden of proof, because his fall at work was "an actual event," rather than "a misrepresentation or lie," and that the denial of his claim was erroneous, because it was based on the assertion by SAIF that there was only one fall, which occurred at claimant's home.

SAIF maintains that even if claimant did fall at work, the record contains substantial evidence that claimant misrepresented the true cause of his injuries, which was the fall at home and, therefore, the "acceptance was procured by fraud, misrepresentation, or other illegal activity." Regarding uncertainty related to the number of falls and also when the falls occurred, SAIF maintains that the question ultimately before the board was whether "[i]n the totality of the circumstances of this case," SAIF's acceptance decision could "reasonably have been affected by the undisclosed information." *Greenbriar Ag Management*, 156 Or App at 505-06 (emphasis and internal quotation marks omitted) (concluding that the board did not err in determining that the insurer did not meet its burden to prove that misrepresentations "could reasonably have affected" its decision to accept a claim when there was "substantial, indeed uncontroverted" evidence that the insurer knew that the claimant had made misrepresentations).

Claimant argues that SAIF failed to meet its burden of proof, because SAIF knew that there was conflicting information about the cause of claimant's injuries before it issued the acceptance. However, unlike in *Greenbriar*, the record supports the board's finding that SAIF did not have

substantial or uncontroverted evidence of claimant's misrepresentations prior to issuing an acceptance of claimant's claim.

Having reviewed the record, we agree with the board that the evidence, "[i]n the totality of the circumstances of this case," supports a determination that SAIF met its burden to prove that claimant misrepresented the true cause of his injuries by failing to disclose that he had a significant fall from the roof of his home, and that SAIF's decision to accept the claim "could reasonably have been affected" by that misrepresentation. *Greenbriar Ag Management*, 156 Or App at 505 (emphasis omitted); *Ebbtide Enterprises*, 303 Or at 464-65. SAIF accepted claimant's claim based on claimant's written and verbal statement that he had been injured during a fall at work. After the acceptance had been issued and after multiple efforts on the part of the claims adjuster, SAIF received a legible copy of the ambulance report and a transcript of a 9-1-1 call that was not available to SAIF at the time they issued the claim acceptance that showed that claimant had been injured at home.

In sum, the board's determination that claimant made a material misrepresentation and that SAIF's decision to accept the claim could reasonably have been affected had claimant disclosed the information in question was supported by substantial evidence—including an ambulance report, emergency room report, a 9-1-1 call placed by claimant's spouse, and the testimony of the claims adjuster—and was also supported by substantial reason. Therefore, we conclude that the board did not err.

Affirmed.