Argued and submitted August 3, affirmed; remanded for
reconsideration October 25, 1983

In the Matter of the Compensation
of Steven Bauman, Claimant.

BAUMAN,
*Respondent on review,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner on review.*

(TC 80-04870, CA A24941, SC 29596)

670 P2d 1027

Darrell E. Bewley, Appellate Counsel, Salem, argued the cause and filed the petition and brief for petitioner on review.

Gerald C. Doblie, Portland, argued the cause for respondent on review. With him on the brief was Doblie, Francesconi & Welch, P.C., Portland.

JONES, J.

## JONES, J.

■ This case arises under the Workers' Compensation Act. We allowed review to determine the permanency of SAIF's original acceptance of a claim for medical benefits. We hold that once an insurer has accepted a claim under ORS 656.262(6), which requires acceptance or denial of a workers' compensation claim within 60 days after the employer has notice or knowledge of the claim, the insurer may not subsequently deny the compensability of the underlying claim.

## FACTS

Claimant was a tool and die maker at Omark Industries. In October of 1977, claimant alleged that a bursitis condition was compensable as connected with his employment. On November 16, 1977, his claim was accepted by Omark and its compensation carrier, State Accident Insurance Fund Corporation (SAIF), as a nondisabling "medical only claim" and SAIF thereafter began paying medical benefits to the claimant. In February of 1980, claimant's condition worsened and his treating physician petitioned SAIF to reopen the claim, stating that claimant was in need of additional medical treatment. SAIF denied this request stating that "unless there is time loss and/or impairment involved, it is not necessary that we reopen the claim to pay for the necessary treatment." In November of 1980, SAIF halted further medical payments concluding independently that the initial bursitis condition was not a compensable injury, as it did not arise out of and in the course of claimant's employment. SAIF reversed its acceptance of the claim and denied the original claim for compensation benefits. Claimant thereafter timely requested a hearing within the 60-day period provided for in ORS 656.262(7).

The referee, apparently relying on our decision in *Frasure v. Agripac,* 290 Or 99, 619 P2d 274 (1980), found that SAIF's denial was timely made and correct. Upon appeal, the Board upheld the referee also concluding that SAIF possessed the authority to reopen and reconsider a previously accepted claim and upon reevaluation of the compensability issue to deny benefits. On the merits the Board found that the medical opinion presented at the hearing supported the conclusion that claimant's condition was not compensable.

We said in *Frasure v. Agripac, supra:*

"* * * It is better to encourage prompt payment than it is to discourage it by holding that the insurer who makes payment of medical expenses under ORS 656.245 is estopped to contest coverage with respect to an aggravation claim under ORS 656.273. We hold that the payment of medical expenses under ORS 656.245 following the filing of a claim for aggravation does not amount to an acceptance of the aggravation claimed by the employer or the insurer, and does not estop the employer or insurer from contesting the causal connection between the previously determined compensable injury and the claimant's present symptoms." *Id.* at 106, quoting *Jacobson v. SAIF,* 36 Or App 789, 793, 535 P2d 1146 (1978).

*Frasure* involved an aggravation claim and two distinct and separate employers. The first employer and its insurer accepted the claimant's aggravation claim and awarded time loss only. Between the time of the award and a requested hearing, the claimant's doctors changed their opinion and concluded the claimant's injury was a "new injury" rather than aggravation of an old injury. We held that the first employer was not estopped by his earlier acceptance of the aggravation claim from denying responsibility at the hearing requested by the claimant. In the present case, the Court of Appeals concludes that our holding in *Frasure* does not foreclose the possibility that there can be finality to an employer's or insurer's acceptance of a claim. This is a correct reading of the rule in *Frasure* and this is an appropriate case to clarify any confusion that may exist. In *Frasure,* we said:

"One of the manifest purposes of Oregon's Workers' Compensation Law is to achieve prompt payment of claims to injured workers. The responsibility for making such payments is imposed on compensation carriers and direct responsibility employers, and such payments are to be made 'promptly and directly to the person entitled thereto upon the employer's receiving notice or knowledge of a claim, except where the right to compensation is denied by the direct responsibility employer or corporation.' ORS 656.262(2). The first payment must be paid 'no later than the 14th day after the subject employer has notice or knowledge of the claim.' ORS 656.262(4). Written notice of acceptance or denial of the claim must be given to the claimant within 60 days 'after the employer receives notice or knowledge of the claim.' ORS 656.262(5). ORS 656.262(8) provides for a 25 percent penalty for unreasonable delay * * * in acceptance or denial of a claim.

"The legislature further provided, in the same statute, that acceptance of a claim or payment of compensation did not prevent the employer or carrier from subsequently denying the claimant's right to compensation. ORS 656.262(7) provides:

'(7) Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability, nor shall mere acceptance of such compensation be considered a waiver of the right to question the amount thereof.' " *Id.* at 105.

We must retreat slightly from what we said in *Frasure*. We are dealing with the statutory scheme found in the relevant parts of ORS 656.262.[1] Former ORS 656.262(7)

---

[1] ORS 656.262 provides in relevant part:

"(2) The compensation due under this chapter shall be paid periodically, promptly and directly to the person entitled thereto upon the employer's receiving notice or knowledge of a claim, except where the right to compensation is denied by the insurer or self-insured employer.

"* * * * *

"(4) The first instalment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim. Thereafter, compensation shall be paid at least once each two weeks, except where the director determines that payment in instalments should be made at some other interval. The director may by rule convert monthly benefit schedules to weekly or other periodic schedules.

"* * * * *

"(6) Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the employer has notice or knowledge of the claim. Pending acceptance or denial of a claim, compensation payable to a claimant does not include the costs of medical benefits or burial expenses. The insurer shall also furnish the employer a copy of the notice of acceptance. The notice of acceptance shall:

(a) Advise the claimant whether the claim is considered disabling or nondisabling.

(b) Inform the claimant of hearing and aggravation rights concerning nondisabling injuries including the right to object to a decision that the injury of the claimant is nondisabling by requesting a determination thereon pursuant to ORS 656.268.

(c) Inform the claimant of employment reinstatement rights under ORS chapter 659.

(d) Inform the claimant of assistance available to employers for job site modification under ORS 656.622.

"(7) If an insurer or any other duly authorized agent of the employer for such purpose, on record with the Director of the Workers' Compensation Department denies a claim for compensation, written notice of such denial, stating the reason

(now codified as subsection (8)), relates to the provisions found in ORS 656.262(4), *supra* n 1, which requires the insurer to begin payments within 14 days after notice or knowledge of a claim. In *Frasure,* we indicated that former ORS 656.262(7) allowed an employer to accept a claim and then subsequently to deny the right to compensation. This is not correct. Former ORS 656.262(7) merely provides protection to the insurer who begins payments without accepting a claim from having the payments interpreted as acceptance of the claim. What we should have clearly stated was that because an employer complies with the provisions found in subsection (4) and begins making compensation payments no later than the 14th day after notice of the claim, the employer is not subsequently barred from denying the claimant's right to compensation. This is the rule found in former subsection (7). This is so because the threshold payment of benefits within 14 days is not contingent upon a determination of compensability and simple compliance with the statute does not constitute acceptance of a claim by an insurer.

■　　In this case, SAIF specifically accepted a claim as compensable by providing the claimant with an acceptance letter and subsequently paying medical benefits for a three-year period. It was only after claimant attempted to reopen his claim for aggravation that SAIF suddenly reversed its decision and denied compensability for the original claim. SAIF was too late. To allow the employer or the employer's insurer to engage in such vacillating activity would encourage degrees of instability in the workers' compensation system that we do not believe the statute contemplates. ORS 656.262(6) gives the insurer or self-insured employer 60 days after notice of the

for the denial, and informing the worker of hearing rights under ORS 656.283, shall be given to the claimant. A copy of the notice of denial shall be mailed to the director and to the employer by the insurer. The worker may request a hearing on the denial at any time within 60 days after the mailing of the notice of denial.

"(8) Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability, nor shall mere acceptance of such compensation be considered a waiver of the right to question the amount thereof.

"(9) If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

claim in which to accept or deny the claim. If, as in this case, the insurer officially notifies the claimant that the claim has been accepted, the insurer may not, after the 60 days have elapsed, deny the compensability of the claim unless there is a showing of fraud, misrepresentation or other illegal activity. The insurer or self-insured employer is not at liberty to accept a claim, make payments over an extended period of time, place the compensability in a holding pattern and then, as an afterthought, decide to litigate the issue of compensability. We need not list all of the possible ramifications of such conduct but it is readily evident that problems involving lapsed memories, missing witnesses, missing medical reports, and a host of other difficulties would arise from the delayed litigation of the compensability of a claim. The statutory scheme in ORS 656.262 envisions a speedy resolution of workers' compensation claims including a penalty provision, ORS 656.262(9), for unreasonable delays to pay compensation or unreasonable delays in the acceptance or denial of a claim. Not only can a penalty be imposed for the unreasonable delay of accepting or denying a claim, but we hold that once a claim has been accepted the insurer or self-insured employer may not withdraw such acceptance.

Accordingly, we agree with the Court of Appeals that it was not permissible for SAIF to reconsider and deny the previously accepted claim and that the Board erred in allowing this belated denial. We remand the aggravation claim to the Board for reconsideration not inconsistent with this opinion.