Argued and submitted September 26, affirmed December 14, 1983

In the Matter of the Compensation
of David S. Mathews, Claimant.

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Petitioner,*

*v.*

## MATHEWS,
*Respondent.*

(WCB No. 81-06365; CA A27331)

672 P2d 1380

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund, Salem, argued the cause and filed the brief for petitioner.

Evohl F. Malagon, Eugene, argued the cause for respondent. With him on the brief was Malagon & Associates, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

SAIF appeals from an order of the Workers' Compensation Board which held that claimant had sustained an aggravation for which SAIF was responsible. We affirm.

On February 28, 1978, claimant sustained an injury to his low back while employed as a clean-up man by a company for which SAIF was the insurer. The claim was closed by a determination order that awarded claimant three days temporary total disability and no permanent disability. He was released for work with no permanent impairment on May 3, 1978. In June, 1978, he quit the SAIF-covered job, and five or six weeks later he obtained employment with Carothers Sheet Metal Co. (Carothers) as a clean-up man. On August 8, 1978, he was told by his doctor to avoid restraining his back for the next four to six weeks or else his symptoms would return. No specific incident occurred while he was employed by Carothers, but his symptoms of low back and left leg pain gradually increased.

On August 18, 1978, claimant saw Dr. Gorman about the increasing back pain. He took the remainder of that day off and returned to work the next day. On October 27, 1978, SAIF issued a denial of responsibility, stating: "It appears that you re-injured your back on August 18, 1978." He did not appeal the denial. On December 8, 1978, he filed a claim with Carothers, stating that his back was re-injured and giving August 18, 1978, as the date of injury. The claim was accepted by Carothers as nondisabling. Claimant continued to work until approximately April, 1979, and did not lose any work because of his back condition during that period of time. He left Carothers for a reason unrelated to his disability. Dr. Gorman noted that objective findings after claimant's employment at Carothers were the same as they were following the injury for which SAIF was responsible.

On June 6, 1981, Dr. Gorman stated to SAIF that claimant's low back and leg problem had increased in severity with marked symptomotology. On July 9, 1981, SAIF issued a denial for that aggravation claim, stating that Carothers was responsible. On September 2, 1981, Carothers issued a denial, stating that SAIF was responsible. On December 11, 1981, claimant entered into a disputed claim settlement with Carothers that recognized a bona fide dispute as to the validity of

the claim against Carothers for the June 6, 1981, aggravation, and which purported to settle all claims against Carothers. Thereafter, a hearing was conducted, and SAIF was held to be responsible for claimant's condition. The Board affirmed the decision of the referee.

SAIF contends that it is not liable for this claim for three reasons. First, it argues that Carothers' acceptance of a claim as nondisabling for an injury in the same area as that involved in the prior SAIF claim cuts off all future liability of SAIF for the original disability. Second, it apparently argues that claimant's entering into a disputed claim settlement with Carothers bars recovery against SAIF, because it would amount to "double benefits." Third, it argues that, under *Boise Cascade Corp. v. Starbuck,* 61 Or App 631, 659 P2d 424, *rev allowed* 294 Or 792 (1983), Carothers is the responsible employer.

■ We hold that, under the limited facts of this case, SAIF is not released from all future responsibility for aggravations of claimant's condition by the fact that a second employer accepted as nondisabling a reinjury to the same portion of the body. The claim that Carothers accepted involved a doctor's appointment and the missing of one-half day of work. By accepting the claim, the second employer is barred from later denying the same claim. *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983). However, it is not barred from proving that a later aggravation is attributable to the original claim and not to claimant's employment at Carothers. Instead, the evidence must be weighed to determine which employer is responsible for the most recent aggravation.

■ Although it is not absolutely clear from the brief, SAIF's second argument appears to be that claimant is barred from recovery against SAIF because he entered into a disputed claim settlement with Carothers for the same injury. The very essence of a disputed claim settlement is that the parties disagree as to liability. Neither forsakes its position, but both agree for the purpose of that claim only to settle the dispute for a certain amount. SAIF states that claimant gave up nothing as a result of the disputed claim settlement but obtained a benefit. To the contrary, claimant did give up a substantial right, the right to recover against Carothers. If we were to hold that Carothers were responsible for claimant's

condition, he would be barred by the disputed claim settlement from recovery against Carothers, at least for this aggravation. There is no provision in the statutes for subtracting the amount obtained on a disputed claim settlement from the amount eventually recovered from another responsible employer. Therefore, although it may in some manner be seen as a double recovery, it is one allowed by statute, and entering into the disputed claim settlement does not bar claimant's recovery against SAIF.

■       Finally, SAIF argues that, under all the facts of the case, claimant sustained a new injury at Carothers and that, therefore, Carothers is responsible for the current aggravation. The medical evidence does not support SAIF's contention. The preponderance of the evidence establishes that claimant's most recent aggravation is attributable to his original injury, for which SAIF is responsible.

Affirmed.