On petitioner's reconsideration filed July 23, reconsideration granted; reaffirmed October 24, 1984, petition for review denied April 23, 1985 (299 Or 118)

In the Matter of the Compensation of
Robert N. Faught, Claimant.

FAUGHT,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(79-07797; CA A30248)

689 P2d 1038

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

Claimant has petitioned for reconsideration and review of our affirmance without opinion of the Workers' Compensation Board's decision denying compensation for his psychiatric treatment. *Faught v. SAIF,* 68 Or App 924, 683 P2d 171 (1984). We grant the petition for the purpose of determining whether the Supreme Court's decision in *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), requires a different result. We find that it does not and affirm.

In *Bauman,* the Supreme Court held that once an insurer has accepted a claim it cannot later deny it in the absence of fraud, misrepresentation or other misconduct. No fraud, misrepresentation or misconduct is alleged here. Therefore, if SAIF has accepted the claim for claimant's psychiatric condition, it could not later deny it.

Claimant originally suffered an injury to his low back on December 2, 1976. That claim was accepted and is not an issue on this appeal. Throughout the treatment for his back condition, claimant's physicians noted that he had a functional, neurotic or hysterical element to his disability. The first record of claimant's having sought treatment for a psychological condition was on April 21, 1980, when he saw Dr. Englander, a neurologist, complaining of memory disturbance that he had suffered for two months. Dr. Englander referred claimant to Dr. Lewinsohn at the University of Oregon, who recommended that claimant be referred for psychiatric evaluation and treatment. Thereafter, claimant saw Dr. Cook, a psychiatrist, who stated that the purpose of his evaluation was "to assess Mr. Faught's present level of depressed mood, and to suggest any appropriate recommendations for treatment." Dr. Cook saw claimant twice and determined that he was a "poor candidate for insight-oriented psychotherapy" and recommended that the dosage of claimant's tricyclic antidepressant be increased. Apparently, SAIF paid for the evaluations made by doctors Englander, Lewinsohn and Cook. It then sent claimant to doctors Holland and Henderson for a dual assessment of his psychiatric condition. After receiving a copy of the lengthy report from those two consulting psychiatrists, claimant's family physician, Dr. Bremiller, referred claimant to Dr. Carter, a psychiatrist, for

treatment. On March 16, 1982, SAIF denied Dr. Carter's billings for the commencement of such treatment, stating:

"While we have accepted responsibilty for your back injury of December 2, 1976, under this claim, there does not appear to be a causal relationship between that injury and your current psychiatric condition as it is being treated by John L. Carter, M.D. Under the circumstances, any responsibility for your current psychiatric illness under the claim is hereby denied. * * *"

After a hearing, the referee ordered SAIF to pay Dr. Carter's bill. The Workers' Compensation Board reversed, holding that claimant had failed to establish that his industrial injury was a material contributing or aggravating factor to his psychological difficulties. We affirmed the Board without opinion.

In his petition for review, claimant contends that SAIF was barred under *Bauman v. SAIF, supra,* from denying the claim, because it had already accepted it by paying for "at least five psychiatrists or psychologists" without any denial.[1] SAIF contends that it never accepted the psychological condition because the only medical bills that it paid were for evaluation, not for treatment. We agree with SAIF.

Claimant's psychiatric condition presents a complicated medical issue. Mention of that condition appeared with increasing frequency throughout reports of many doctors. Claimant's family physician finally became concerned enough to refer claimant to a neurologist and later to a psychiatrist for evaluation of his condition to determine whether it was caused by any physical factors, by the drugs that he was taking for his back or by any other known condition. SAIF sent claimant to two psychiatrists for a thorough evaluation to determine the cause and extent of claimant's psychiatric condition. Claimant did not receive any treatment (other than a proposed increase in medication) for his psychiatric condition until he saw Dr. Carter.

It would work a disservice to claimants if we were to hold that an insurer could not pay for evaluations of the cause and extent of a condition without having waived its right to

---

[1] Claimant also asserts that he established the compensability of his psychiatric condition. We decline to reconsider that issue.

deny compensability after receiving the evaluation. Such a holding would force insurers to deny medical services, even at an early stage when it is possible that the medical reports might establish that those services are related to the claimant's compensable condition. SAIF did not accept claimant's psychiatric condition as compensable by paying for a thorough evaluation of claimant and, therefore, did not waive its right to deny compensability of that condition after receiving the medical evaluations.

Petition for reconsideration granted; reaffirmed.