Argued and submitted March 4, 1985, reversed and remanded for payment of claimant's medical expenses under ORS 656.245 January 29, 1986

In the Matter of the Compensation of
Robert C. Miller, Claimant.

MILLER,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

(WCB No. 82-07083; CA A33389)

713 P2d 643

Mike Stebbins, North Bend, argued the cause for petitioner. With him on the brief was Hayner, Waring, Stebbins & Coffey, North Bend.

Paul L. Roess, Coos Bay, argued the cause for respondent. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Claimant seeks judicial review of a decision of the Workers' Compensation Board affirming the referee's affirmance of employer's denial of his aggravation claim. We reverse and remand for payment of medical expenses under ORS 656.245.

Claimant has worked for employer as a sawmill worker since 1971. On March 10, 1977, he hurt his back while lifting lumber at work. His family doctor diagnosed the injury as acute lumbosacral strain and prescribed rest and medication. Claimant lost no time from work because of the injury; employer accepted it as compensable and paid his medical bills.

The claim was never closed. ORS 656.268(3). Employer continued to pay for treatment until claimant submitted a new claim in April, 1982. Employer's "Denial of Claim Reopening" stated:

> "This is to notify you that we have reviewed your notice of accident dated April 20, 1982 stating that you were injured on April 20, 1982? [sic] and we have investigated the circumstances regarding your claim for compensation. The company hereby denies your claim for the reason that: The condition in [sic] which you now recite and the original injury of 3/10/77 are unrelated in that medical information is unsupportive of your claim that the present condition is related to your accident of 3/10/77 claim #2-77-547."

The referee affirmed employer's denial on the theory that claimant's participation in a martial arts class had caused his back problems, and the Board affirmed summarily. Claimant assigns as error, first, that the Board refused to treat employer's denial as a "backup denial" under the rule in *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983); second, that the Board failed to conclude that claimant suffered a compensable aggravation of his original injury; and, third, that the Board failed to conclude that claimant's condition is an occupational disease.

We need not consider the assignments individually. Even though claimant treats his claim as an "aggravation claim," ORS 656.273, his brief makes clear that he is not seeking compensation for temporary or permanent disability:

"[I]t is important to note that at no time has Mr. Miller lost any time from work or claimed any temporary total disability benefits as a result of his back injuries. He is merely seeking payment for his medical treatment."

Claimant does not have to make an aggravation claim to obtain payment for his medical treatment.[1] ORS 656.245(1) requires:

"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of recovery requires * * *. The duty to provide such medical services continues for the life of the worker."

The only issue is whether claimant's back problems are "conditions resulting from the injury" that claimant suffered on March 10, 1977.

We disagree with the referee's resolution of that issue. He wrote:

"The chiropractor in his letter opinion discounted the martial arts activity, but his own chart notes show that on some occasions that activity was linked to claimant's back complaints. The chiropractor has also stated that the 1982 condition was a physical worsening of the original on-the-job injury, but the chiropractor was then assuming the original injury was in 1980, rather than 1977. As noted, there is no medical evidence of any treatment for claimant's back for a period of more than three years following the 1977 work incident. The attending orthopedic surgeon has not causally related the 1982 back condition to the 1977 work incident. Also, the orthopedist has declined to state that claimant's work activity was the major cause of the 1982 back condition."

We interpret the record differently. Claimant testified that his back pain had been in the same location since his original injury in 1977. His treating chiropractor, Dr. McCrory, filed a

---

[1] Claimant could not, in fact, make a valid aggravation claim here, because his April, 1982, claim was filed more than five years after his original injury on March 10, 1977. Thus, an aggravation claim would be barred by the period of limitations in ORS 656.273(4)(b):

"If the injury was nondisabling and no determination was made, the claim for aggravation must be filed within five years after the date of injury."

medical report in 1980 stating that claimant "presents with low back pain, chronic recurrent for years * * * ." The referee attributed unwarranted importance to McCrory's mistaken reference to a 1980 injury in a December, 1983, letter to claimant's counsel. There was no injury in 1980. McCrory obviously had in mind the 1977 injury. He wrote in the same letter:

> "[I]t is my impression that the care rendered to this patient by myself in 1982 was due to a physical worsening of his original on the job injury."

Claimant began treatment with Dr. Whitney, an orthopedic surgeon, in April, 1982. In April, 1983, Whitney wrote:

> "I feel that Mr. Miller's diagnosis of low back strain was probably specifically related to his work activity as a bar edger, as given to me in his history."

In response to questions from counsel for employer concerning the possible contribution of Mr. Miller's participation in the martial arts program, Whitney said:

> "The reason I told Mr. Miller to stay off his karate in '82 was because I thought there was a possibility that this was aggravating his back pain, although once he got off the karate it did not seem to make any significant difference in his level of pain."

McCrory addressed questions from claimant's counsel:

> "There is little doubt that this patient's strenuous job description while employed at Weyerhaeuser Co. was the major causative factor that led to his acute low back complaints. * * *

> "The fact that this patient is involved in martial arts has little or nothing to do with his original complaints, since he started his karate training after his acute low back injury. Also, his karate workouts, for the most part, actually decrease the severity of his low back complaints."

The reports of claimant's treating physicians make clear that his 1977 injury remains at least a material contributing cause of the back condition for which he sought treatment.

Reversed and remanded for payment of claimant's medical expenses under ORS 656.245.