Argued and submitted July 25, reversed; referee's order reinstated October 29, 1986

In the Matter of the Compensation of
Paul Rogers, Claimant.

ROGERS,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

(85-00270; CA A38302)

727 P2d 628

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Paul L. Roess, Coos Bay, argued the cause for respondent. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

**WARDEN, P. J.**

Claimant seeks review of a decision of the Workers' Compensation Board that reversed the referee's order setting aside employer's denial of a claim. We reverse.

On August 29, 1984, the referee set aside employer's denial of a claim for an injury suffered on February 13, 1984, and ordered employer to pay compensation. On August 30, while on a picnic with friends, claimant slipped and fell, striking the site of the incision for back surgery that had been performed after the February 13 injury. On December 28, 1984, before claim closure, employer again denied compensation and stopped paying temporary total disability benefits, claiming that claimant's lower back problems experienced on and after August 30 were solely the result of his off-the-job fall. On May 2, 1985, another referee set aside the December denial and awarded claimant a 25 percent penalty for employer's unilateral termination of the compensation. On July 23, 1985, the Board reversed the first referee's order on the ground that "claimant did not prove by a preponderance of the evidence that he suffered an accident at work on February 13, 1984, that caused the injuries that contributed to his need for medical treatment and disability after that date." That order formed the basis of the Board's subsequent order, at issue here, reversing the compensability finding of the second referee.

In *Rogers v. Weyerhaeuser Co.*, 82 Or App 46, 727 P2d 626 (1986), we held claimant's February 13, 1984, injury compensable. The only remaining issue is whether employer's unilateral termination of benefits was proper under ORS 656.268. In issuing its December denial, employer attempted to terminate its future responsibility for claimant's condition. The claim had not been closed, and there was no finding that claimant was medically stationary. An employer may not circumvent the orderly procedure of claim closure and terminate its future responsibility before the extent of claimant's disability has been examined. *Roller v. Weyerhaeuser Co.*, 67 Or App 583, 679 P2d 341, *amplified* 68 Or App 743, 683 P2d 554, *rev den* 297 Or 601 (1984).

Reversed; referee's order reinstated.