Argued and submitted July 25, reversed; referee's order reinstated October 29, 1986

In the Matter of the Compensation of
Paul Rogers, Claimant.

ROGERS,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

(WCB 84-04530; CA A37408)

727 P2d 626

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Paul L. Roess, Coos Bay, argued the cause for respondent. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Claimant seeks judicial review of an order on reconsideration of the Workers' Compensation Board. He contends that the Board erred in reversing the referee's order, which had set aside employer's denial of the claim.

On February 13, 1984, claimant filed a claim that, on his way to the lunchroom in employer's North Bend plywood plant, he had slipped and fallen on a puddle of water and oil, injuring his lower back and left leg. On February 22, employer accepted the claim as disabling and began paying compensation for temporary total disability. On March 8, employer notified the Workers' Compensation Department and claimant that its acceptance had been in error. Employer reclassified the claim as "deferred" on that date and continued to pay compensation. On April 16, 1984, 63 days after receiving notice of the claim, employer issued a denial on the ground that claimant's back problem did not arise out of or in the scope of employment.

 Claimant's first assignment is that the Board erred in reinstating the denial, which was entered after formal acceptance and more than 60 days after employer's notice and knowledge of the claim. He relies on *Bauman v. SAIF*, 295 Or 788, 794, 670 P2d 1027 (1983):

> "If * * * the insurer officially notifies the claimant that the claim has been accepted, the insurer may not, after the 60 days have elapsed, deny the compensability of the claim unless there is a showing of fraud, misrepresentation or other illegal activity."

The case before us is distinguishable, because here, unlike in *Bauman,* employer notified claimant within the 60-day time period that its acceptance had been in error and in effect withdrew its acceptance, although it did not then deny the claim within that time period. The policy of *Bauman* would not be served by extending it to this case.[1] However, although

---

[1] In *Bauman,* the employer had accepted the claim as compensable and had subsequently paid benefits for a three year period.

"It was only after claimant attempted to reopen his claim for aggravation that [the employer] suddenly reversed its decision and denied compensability for the original claim. * * * The insurer * * * is not at liberty to accept a claim, make payments over an extended period of time, place the compensability in a holding

we hold that employer could properly deny the claim, we conclude that the referee properly imposed a penalty for the untimely denial. ORS 656.262(10).

Claimant also assigns error to the Board's holding that he had failed to sustain his burden of proving by a preponderance of the evidence that his disability and need for medical services are work-related. On *de novo* review we find that claimant has met his burden. He testified that he suffered a fall while at work and was taken to Dr. Whitney, an orthopedic surgeon. Whitney diagnosed acute back spasm with possible recurrent disc herniation. Evaluation and treatment by several physicians took place during the following weeks and, on April 9, 1984, Dr. Campagna, a neurosurgeon, performed low back surgery. Employer offered no evidence that the accident had not occurred. Rather, it relied solely on inconsistencies in claimant's testimony. We agree with the referee that those inconsistencies do not refute the credible testimony that claimant slipped, fell and was injured at work. Employer argues that claimant's disability and medical treatment after February, 1984, were due solely to a July 15, 1982, motor vehicle accident. The evidence supports claimant's position that the medical treatment received after February 14 was the result of his industrial injury.

Reversed; referee's order reinstated.

pattern and then, as an afterthought, decide to litigate the issue of compensability. We need not list all of the possible ramifications of such conduct but it is readily evident that problems involving lapsed memories, missing witnesses, missing medical reports, and a host of other difficulties would arise from the delayed litigation of the compensability of a claim." *Bauman v. SAIF, supra,* 295 Or at 793.