Argued and submitted May 12, 1986, affirmed January 28, 1987

In the Matter of the Compensation of
Patrick M. Hannum, Claimant.

HANNUM,
*Petitioner,*

*v.*

EBI COMPANIES et al,
*Respondents.*

(84-07520; CA A36184)

732 P2d 29

Howard R. Nielsen and Vick & Associates, Salem, filed the brief for petitioner.

Jerald P. Keene, Portland, argued the cause for respondent. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this workers' compensation case, claimant seeks review of an order of the Board affirming the referee's order that upheld EBI's denial of his aggravation claim. We affirm.

Claimant sustained a compensable injury to his left knee in 1976. In October, 1978, he received an award of permanent partial disability. He continued to receive medical treatment and in 1982 consulted a physician and then filed a claim for aggravation. EBI reopened the claim, which was later closed by determination order with an award on the aggravation claim. Claimant sought a hearing of the award. The only issue posed by either party was the extent of disability. The referee increased the award to 75 degrees, and EBI filed a request for Board review.

At the same time, EBI issued a "backup" denial of the aggravation claim "on the basis of fraud and misrepresentation," and claimant requested a hearing on that denial. Essentially, EBI asserted that claimant had misled his treating physician and the examining physician regarding the cause of his present knee pain. It developed at the hearing that he had fallen and twisted his knee while shovelling snow at his residence. He had not disclosed that to the doctors and had told them that his knee had collapsed without any cause.

Before the hearing on the "backup" denial, EBI requested that the Board stay the appeal of the aggravation award pending final determination of EBI's denial of compensability. Claimant objected and requested that EBI be ordered to pay the aggravation compensation awarded. The Board, in a written opinion, granted the motion to stay and also held that EBI did not have to pay the compensation pending review of that order.

In the hearing on EBI's "backup" denial the referee found that EBI could properly issue a "backup" denial under *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), because claimant had misrepresented the cause of his present knee condition. He also found that the present condition was not an aggravation of the compensable injury and upheld the denial. The Board affirmed without opinion.

Claimant sought review only of the Board's order affirming the denial. He does not challenge the finding that he

had misled the doctors and EBI or that there was fraud involved in making the aggravation claim. He argues instead that the award of compensation in the aggravation hearing is *res judicata* and forecloses an adjudication of compensability.

 *Bauman* appears to authorize a "backup" denial when acceptance of the claim is induced by fraud, misrepresentation or other illegal activity. Consequently, a determination of a claim is not *res judicata* if fraud, misrepresentation or illegal activity supports a subsequent denial. *Bauman* suggests no time limit on a "backup" denial, and we discern no basis for holding that the denial in this case was unreasonable in terms of the length of time between the original acceptance and the denial. EBI only learned of the fraud when claimant testified at the aggravation hearing and issued the denial right after that hearing. We conclude that EBI was not foreclosed by *res judicata* from issuing the denial.

Claimant also asserts that he should have been awarded penalties and attorney fees because of EBI's unreasonable denial. The referee found that the denial was proper and not unreasonable and denied penalties and attorney fees. We concur.

In the final assignment, claimant contends that EBI was required to continue payment of the aggravation award pending review of that order under ORS 656.313(1). The problem is that the Board's order which stayed the appeal and suspended payment by EBI of the compensation award is not before us. EBI stopped paying benefits in response to an order of the Board, which is not in issue on this review. We express no opinion as to the propriety of the Board's opinion and order suspending payments.

Affirmed.