Argued and submitted March 20, reversed June 24, 1987

In the Matter of the Compensation of
Clifford J. DuVal, Claimant.

**U. S. BAKERY,**
*Petitioner,*

*v.*

**DUVAL,**
*Respondent.*

(WCB 84-12417; CA A40810)

739 P2d 37

Kenneth L. Kleinsmith, Portland, argued the cause and filed the brief for petitioner.

Robert J. Thorbeck, Salem, argued the cause for respondent. On the brief was Eileen Fussner, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

* Joseph, C. J., *vice* Young, J.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Employer seeks review of a Workers' Compensation Board order awarding compensation for claimant's aggravation claim. The issues are compensability and whether employer's denial of claimant's aggravation claim is precluded by *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983). On *de novo* review, ORS 656.298, we reverse.

In November, 1981, claimant stepped off a loading dock at work and injured his back. Dr. Kelber diagnosed "lumbar strain possible recurrent disc disease." Claimant filed an 801 form, which included boxes numbered 15, 16 and 17, labeled respectively: "nature of injury or disease," "part of body affected" and "describe accident." He wrote on the form "twisted back," "back right" and "carrying cubes off dock in warehouse—stepped off dock and hurt back." Employer accepted the claim by checking the appropriate options included in box 35 of the form. Employer checked "accepted," "disabling" and "injury."[1]

Dr. Melgard examined claimant. He had treated him before, performing a laminectomy in November, 1969, to remove a herniated disc. At that time, he also had diagnosed probable Paget's Disease.[2] Kelber, Melgard and his treating physician, Dr. Tiley, continued to treat him. He was released for work twice in 1982, but his back problem persisted. In July, 1982, he left work permanently. A November, 1982, determination order awarded him 22 percent permanent partial unscheduled disability for his back. A June, 1983, stipulated order increased his award of unscheduled disability.

In August, 1984, claimant suffered back pain while lifting groceries from his car. He filed an aggravation claim, contending that his compensable condition had worsened. Employer denied the aggravation claim on the ground that the condition had not worsened. The October 24 denial letter provided, in relevant part: "We accepted your claim for your lumbrosacral strain, and related pagets [sic] disease and have

---

[1] In box 35, where employer had the option of checking "accepted," "denied" or "deferred," employer also checked "deferred." However, employer does not now argue that the claim was deferred.

[2] Paget's Disease is a progressive disease of unknown etiology. It affects bones, causing them to grow oversized, and weakens the structure of the bones as they grow.

continued to provide benefits to you for this condition." In June, 1985, employer "clarified" its denial, telling claimant that its denial letter, which stated that it had accepted Paget's Disease was a "misstatement of your employers [sic] position."

The referee concluded, in relevant part:

> "The partial denial dated October 24, 1984, specifically denies the aggravation claim, but accepts the claim for lumbrosacral strain and the related Paget's disease. Once a claim has been accepted the insurer may not subsequently deny the compensability of the underlying claim, *Bauman v. SAIF,* 295 Or 788 (1983). Paget's disease has become a part of this claim prior to the Determination Order and stipulated settlement. Consequently, it cannot now be denied."

The referee vacated the denial and remanded the claim for payment of compensation from July 6, 1984. Thereafter, the referee allowed employer's motion to reopen for reconsideration. On reconsideration, the referee affirmed his previous order, except that he held that compensation would be due from August 13, 1984. He also stated that, if *Bauman* did not bar denial, the claim would not be compensable. The Board adopted the referee's modified order and affirmed.

Employer contends that the Board erred in ruling that it was barred from denying the compensability of claimant's Paget's Disease. Employer argues that its acceptance of the original claim was an acceptance of back strain only. It also argues that the only condition which it specifically and officially accepted by checking the boxes on the 801 form was the back strain described by the claimant on the form. *See Johnson v. Spectra Physics,* 303 Or 49, 733 P2d 1367 (1987). It argues that, because Paget's Disease was never accepted, *Bauman v. SAIF, supra,* does not apply. Claimant argues that employer knew from the medical records that Paget's Disease was part of his original claim.

If, after the last award or arrangement of compensation, conditions resulting from the original injury worsen, an injured worker is entitled to additional compensation. ORS 656.273. On *de novo* review, we find that the preponderance of the evidence in the record indicates that claimant's worsened condition is due to the natural progression of Paget's Disease,

independent of the injury; there has been no worsening resulting from the original injury itself.[3] Hence, the compensability of claimant's aggravation claim depends entirely on whether Paget's Disease was a compensable aspect of his original claim.

The disease was not caused by the injury. The evidence indicates that the effect of the disease in the original injury was to increase the extent of disability caused by the original injury. The back strain, which would otherwise have been a minor injury, caused a compression fracture of the disease-weakened vertebra at L3. Thus, the disease affected the extent of claimant's disability but did not itself become a compensable aspect of the claim. *See Barrett v. D & H Drywall,* 300 Or 325, 709 P2d 1083 (1985), *on reconsideration,* 300 Or 553, 555, 715 P2d 90 (1986).

Because Paget's Disease itself was not compensable, it is not a compensable aspect of the original claim, unless employer *accepted* it. In *Bauman* the Supreme Court held:

> "[O]nce an insurer has accepted a claim under ORS 656.262(6), which requires acceptance or denial of a Workers' Compensation claim within 60 days after the employer has notice or knowledge of the claim, the insurer may not subsequently deny the compensability of the underlying claim." 295 Or at 790.

After the Board's order here, the Supreme Court clarified the question of when a claim has been accepted for the purposes *Bauman.* In *Johnson v. Spectra Physics, supra,* the court explained:

> "*Bauman* applies only to a claim 'specifically' or 'officially' accepted by the insurer. 295 Or at 793-94. * * * An insurer must accept a particular claim in writing, and subsequently deny that particular claim after the 60 days prescribed by ORS 656.262(6) have elapsed, before *Bauman* applies." 303 Or at 55.

In *Johnson,* the claimant had filed an 801 form stating that she had injured her back and right arm. Before the

---

[3] We do not detail the facts. *See Bowman v. Oregon Transfer Company,* 33 Or App 241, 576 P2d 27 (1978).

insurer accepted her claim, it received a medical report indicating that she was suffering a bilateral carpal tunnel syndrome, which her doctor believed was work related. Eight days later, the insurer accepted Johnson's claim by checking the "accepted" box on the same form that she had submitted. Eighty days after the insurer received the report of carpal tunnel syndrome, it notified claimant that it was denying the compensability of the syndrome, although it still accepted the back injury. The Supreme Court characterized the carpal tunnel syndrome and the back injury as separate "aspects" of one claim.[4] Although notice of both the back injury and the syndrome came to the insurer through the same claim process, each aspect could be treated as a separate claim, allowing for partial acceptance or denial by the insurer. *See Johnson v. Spectra Physics, supra,* 303 Or at 58.[5]

The court noted that, although the medical report indicated that Johnson's carpal tunnel syndrome arose from her work, it did not indicate that the syndrome arose from the injury, which was the subject of her 801 form. Rather, the report constituted notice of a second compensable injury, this time an occupational disease, within the same claim process. The court explained:

> "[W]hen a claimant makes a single claim encompassing two *separate* injuries or conditions, the insurer then may partially deny that claim by specifically denying one injury or condition while accepting the other." 303 Or at 58. (Emphasis supplied.)

The court reasoned that the insurer, by checking the "accepted" box, had accepted only the back strain mentioned on the form. The court stated that the insurer's silence about the carpal tunnel syndrome was not a denial or an acceptance and that, because the insurer had not officially or specifically accepted the bilateral carpal tunnel syndrome, *Bauman* did not bar denial of the syndrome. 303 Or at 58. Thus, the insurer could deny the syndrome, although it might be subject to

---

[4] The Supreme Court noted that the carpal tunnel syndrome claim arose during the processing of the back claim and that the insurer assigned one claim number to both conditions.

[5] A medical report concerning an occupational disease which may arise out of employment is notice of an injury sufficient to constitute a claim. ORS 656.265; ORS 656.802; ORS 656.804.

penalties because it had failed to respond within 60 days of its receipt of the medical report notifying it that the syndrome arose from claimant's work. ORS 656.262(10); *Johnson v. Spectra Physics, supra,* 303 Or at 58-59.

In the present case, employer officially accepted claimant's stated claim. The only injury or disease specified was a twisted back, which employer accepted. That was an acceptance of all conditions which were caused by the back injury. It was not an acceptance of Paget's Disease, which was neither specified on the form nor caused by the injury.[6]

In *Johnson,* the medical report of work-related carpal tunnel syndrome constituted notice to insurer of a new, facially compensable, aspect of the claim. Here, employer received a later medical report indicating that claimant suffered Paget's Disease, among other conditions. However, the report did not indicate that the disease arose from, or was worsened by, the accepted injury[7] or arose out of any other work context. Without an allegation that the disease arose from work, the medical report did not constitute a claim. ORS 656.005(7); ORS 656.005(8)(a). The absence of notice to employer that claimant was asserting that the disease arose from his employment prevents the medical reports of Paget's Disease from constituting a claim.

Alternatively, claimant argues that the language of employer's letter denying the compensability of his aggravation claim estops it from denying the compensability of Paget's Disease. The referee concluded that the letter accepted the disease. We disagree. The letter states:

> "We accepted your claim for your lumbrosacral strain, and related pagets [*sic*] disease and have continued to provide benefits to you for this condition."

We construe the mention of Paget's Disease to be a recognition of the role that the disease played in the extent of disability caused by the compensable injury. Furthermore, the

---

[6] In *Johnson,* the insurer accepted the back injury by checking the "accepted" box on the form. That met the requirement of specifically or officially accepting or denying the claim *in writing.*

[7] If the medical report had indicated that the already accepted injury had caused Paget's Disease, employer, at the hearing, could have contested that as a factual issue of causation.

term "accepted" precludes the interpretation of the letter itself as an acceptance of the disease at the time it was sent.

In sum, Paget's Disease was not a compensable aspect of claimant's original claim. It was not accepted by employer in response to claimant's aggravation claim, and it is not causally related to his injury. Because claimant's aggravation is due to a worsening of his Paget's Disease, and not to any worsening of his original injury, it is not compensable.

Reversed.