Argued and submitted January 16, affirmed November 25, 1987

In the Matter of the Compensation of
Donald D. Milburn, Claimant.

MILBURN,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

(WCB 84-08598; CA A39527)

745 P2d 794

Michael T. Garone, Portland, argued the cause for petitioner. With him on the brief was Jolles, Sokol & Bernstein, P.C., Portland.

Jerry K. Brown, McMinnville, argued the cause for respondent. With him on the brief was Cummins, Cummins, Brown, Goodman & Fish, P.C., McMinnville.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of a Workers' Compensation Board order which affirmed employer's denial of compensability of claimant's hip condition. He argues that the hip condition was initially accepted by employer as compensably related to an earlier injury and that employer should not now be allowed to deny it. We affirm.

Claimant suffered a compensable injury to his left knee while working as a lumber sorter for employer in June, 1982, and he filed a claim for benefits on October 3, 1982. The claim was accepted by employer, and claimant underwent arthroscopic surgery one month later. The treating orthopedist, Dr. Bert, first noted claimant's hip pain while he was still recovering from knee surgery. The hip ailment was eventually diagnosed as "avascular necrosis," a condition in which impeded blood flow leads to bone death and, in this case, deterioration of the hip joint.

In November, 1983, Bert informed employer of his belief that the condition was related to claimant's knee injury. Claimant's wife testified that she repeatedly contacted employer and that she had received assurances from a clerk responsible for handling workers' compensation claims that the hip would be covered by the already accepted claim. The clerk was unable to substantiate or deny that account of the conversation. On February 16, 1984, claimant underwent complete surgical replacement of his hip. Although Bert requested authorization from employer, it is unclear whether employer ever responded. Employer paid for the operation and subsequent medical treatment for a period of nine months. Claimant's hip condition was subsequently reviewed by two other orthopedists. On July 31, 1984, employer issued a partial denial, disclaiming any further responsibility for the hip condition on the ground that it was not related to the compensable knee injury or to claimant's employment.

The referee and the Board rejected claimant's contention that employer is estopped to deny compensability of the hip condition under *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983). In order for claimant to avail himself of the *Bauman* principle, there must be formal acceptance of the claim or condition. *Johnson v. Spectra Physics,* 303 Or 49, 733

P2d 1367 (1987). An accepted claim does not encompass conditions which were not a part of the claim at the time of the acceptance. *Price v. SAIF,* 296 Or 311, 675 P2d 479 (1984). There is no evidence that employer ever formally accepted the hip condition.

■■ Claimant's contention that the Board erred by failing to find that the hip condition is compensable also fails on the merits. He bears the burden of proving by a preponderance of the evidence that an industrial injury materially contributed to his disability and the need for medical attention. *Hutcheson v. Weyerhaeuser,* 288 Or 51, 602 P2d 268 (1979); *Summit v. Weyerhaeuser Company,* 25 Or App 851, 857, 551 P2d 490 (1976). With regard to the hip condition, claimant's medical evidence is unconvincing. Bert merely presumes, without explanation, that the knee and hip injuries were incurred at the same time. Dr. Adams, from whom claimant sought a second opinion, relates the hip condition to alcohol abuse and "a minor injury" when claimant was struck on two occasions by some lumber. Claimant's account of that incident did not surface until nearly a year after it is alleged to have occurred. Adams characterized the lumber incident as a "minor injury." We agree with the referee that Dr. Post, an orthopedist who examined the medical reports and x-rays, gave the most complete and specific medical explanation of claimant's condition:

> "Dr. Post states to a medical probability that the hip disease was either idiopathic or caused by factors other than trauma. Dr. Post is willing to accept either accident history, i.e. stepping in a hole or being struck by 2 X 8's, and still states that:
>
>> " '...If trauma did occur, I would still not feel that it either caused or materially worsened the underlying condition as a medical probability.' "

We conclude that the hip condition is not compensable.

Affirmed.