Argued and submitted March 14, affirmed June 15, 1988

In the Matter of the Compensation of
Feliz Enriquez, Claimant.

# OREGON HUMAN DEVELOPMENT et al,
*Petitioners,*

*v.*

# ENRIQUEZ,
*Respondent.*

(WCB 85-04350; CA A44220)

756 P2d 44

Allan M. Muir, Portland, argued the cause for petitioners. With him on the brief were William H. Replogle and Schwabe, Williamson & Wyatt, Portland.

Kenneth D. Peterson, Hermiston, argued the cause and submitted the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

{}

## WARREN, J.

Claimant suffered a head injury when he was allegedly assaulted without provocation by Gentry, a co-worker, while attending a conference. EBI accepted the worker's compensation claim in August, 1984. In January, 1985, employer received information that, in fact, claimant had been struck while attempting to steal money won by Gentry in a card game. EBI issued a denial of the claim on March 8, 1985, on the ground that claimant had misrepresented the cause of the injury and that it was not compensable. The referee allowed the denial, but the Board reversed. On review, EBI contends that it has established that claimant misrepresented facts material to his claim or, in the alternative, that claimant was engaged in an illegal activity, both of which allegedly justify a "backup denial" under the rule set forth in *Bauman v. SAIF,* 295 Or 788, 794, 670 P2d 1027 (1983):

> "If * * * the insurer officially notifies the claimant that the claim has been accepted the insurer may not, after the sixty days have elapsed, deny the compensability of the claim unless there is a showing of fraud, misrepresentation or other illegal activity."

Neither claimant nor Gentry appeared at the hearing. EBI relied on the written statement of Gentry and the testimony of Willocks, a "witness." On *de novo* review, we agree with the Board that EBI has not established that claimant misrepresented material facts as to the cause of his injury, and we adopt the Board's findings:

> "The material evidence consists of the written statements of claimant and Gentry and the hearing testimony of Willocks. Claimant asserts that he was assaulted without provocation. Gentry claims that claimant was engaged in an attempted theft. Because neither claimant nor Gentry testified at hearing, however, the referee could make no finding regarding either witness's credibility. Consequently, claimant's and Gentry's witten statements are effectively in equipoise.

> "The remaining material evidence is from Willocks. Willocks, however[,] witnessed only the actual altercation between claimant and Gentry. Because he was asleep up to the moment of the altercation, he was completely unaware of what had theretofore transpired between the combatants. He did not know if claimant was collecting a debt. He did not

know whether claimant had been invited to the room. He could only guess that claimant was involved in an attempted theft based on his observation that claimant was in possession of coins at the time he was assaulted."

For the same reasons, we agree with the Board that EBI has not established that claimant was engaged in illegal activity at the time of his injury, even assuming that the facts which EBI's evidence could prove could constitute the type of "illegal activity" for which the court in *Bauman* intended to create an exception to the rule against backup denials.

Affirmed.