Argued and submitted March 14, affirmed October 5, 1988

In the Matter of the Compensation of
Norma J. Bolton, Claimant.
BOLTON,
*Petitioner,*

*v.*

OREGONIAN PUBLISHING CO. et al,
*Respondents.*
(WCB 86-03073; CA A45216)
761 P2d 1354

Peter W. McSwain, Portland, argued the cause for petitioner. With him on the brief was Francesconi & Associates, P.C., Portland.

Allan M. Muir, Portland, argued the cause for respondents. With him on the brief were Charles A. Shea, III and Schwabe, Williamson & Wyatt, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's determination of the rate of temporary partial disability compensation. The only question is the method to be used in calculating benefits for time loss when the claimant is injured while holding employment for two different employers and is unable to return to the work where the injury occurred, but is able to return to the other job.

ORS 656.212 is the general provision concerning the calculation of temporary partial disability benefits:

> "When the disability is or becomes partial only and is temporary in character, the worker shall receive for a period not exceeding two years that proportion of the payments provided for temporary total disability which the loss of earning power bears to the earning power existing at the time of the occurrence of the injury."

OAR 436-60-030 describes in greater detail the calculation of benefits for temporary partial disability. It provides, in part:

> "(1)   The rate of temporary partial disability due a worker shall be determined by:
>
> "(a)   Subtracting the post injury wage earnings available from any kind of work; from
>
> "(b)   The wage earnings from the employment at the time of, and giving rise to, the injury; then
>
> "(c)   Dividing the difference by the wage earnings in subsection (b) to arrive at the percentage of loss of earning power; then
>
> "(d)   Multiplying the current temporary total disability compensation rate by the percentage of loss of earning power."

OAR 436-60-020 deals generally with the calculation of benefits for temporary total disability. It also describes the calculation of compensation in special employment situations. OAR 436-60-020(7)(f) deals with the rate of compensation for a worker who has two jobs. It provides:

> "(7)   The rate of compensation for workers employed with unscheduled, irregular or no earnings shall be computed on the wages determined by this section * * *.
>
> "* * * * *

"(f)   Employed two jobs, two employers: Use only wage of job on which injury occurred if worker unable to work either job. If able to return to job where injury occurred, no benefit is due. *If able to return to the job other than the one where injury occurred, temporary partial disability is due based on the combined earning power of both jobs.*" (Emphasis supplied.)

Employer contends that the Board's method of calculating claimant's benefits properly considers claimant's *total* pre-injury wages only in determining the percentage loss of earning power.[1] Employer asserts that claimant's method, which would require that claimant's wage rate be based on her total pre-injury wages, cannot be what was intended, because it would result in one who has returned only to the non-injury job recovering the same benefits as or greater benefits than one who has not returned to either job.[2] Additionally, by claimant's calculation, had she been partially disabled from her bus driving job as well as totally disabled from her paper route job, employer would have had to pay greater disability benefits than would have been due had claimant been totally disabled from both jobs.

■      We agree with employer that that is not a result which the Workers' Compensation Division could have intended or which is permissible under the statutes. At the pertinent time, ORS 656.005(26) provided, in part:

---

[1] Claimant's weekly wage at the time of the injury from the "at injury" paper route job was $77.97. Her weekly wage from her bus driving job was $288.46. Her total weekly wages were $366.43. Claimant has returned to bus driving. She is unable to return to her paper route. The parties agree that claimant's loss of earning power equals 21.28%. The Board then multiplied claimant's pre-injury wages from her paper route job only ($77.97) by 66.66% (ORS 656.210), for a current temporary total disability compensation rate of $51.98. It multiplied that figure by claimant's percentage loss of earning power (21.28%), to reach a figure of $11.06 per week temporary partial disability compensation due.

Claimant contends that OAR 436-60-020(7)(f) requires that the temporary total disability compensation rate be calculated by multiplying by 66.66% her wages from both jobs at the time of the injury ($366.43), not just the job at which she was injured. In that case, claimant's temporary total disability compensation rate would be $244.26, which, in turn, would be multiplied by the percentage loss of earning power (21.28%), for temporary partial disability benefits of $51.98 per week.

[2] Assuming that claimant had not returned to either job, OAR 436-60-020(7)(f) provides that only the wage of the job on which the injury occurred is to be considered in determining the rate of compensation. In that case, claimant's rate of compensation would be her pre-injury wage at that job ($77.97) multiplied by 66.66%, or $51.98.

" 'Wages' means the money rate at which the service rendered is recompensed *under the contract of hiring in force at the time of the accident * * *.*" (Emphasis supplied.)

Employers do not have to bear more than the "cost" of the injuries sustained in their service. *Reed v. SAIF,* 63 Or App 1, 662 P2d 776 (1983). They cannot be required to pay greater benefits for temporary disability than the maximum benefits that would be due on the basis of wages that the claimant was receiving in their employ. The fact that a claimant had other employment cannot enhance an employer's liability.

■  The emphasized portion of OAR 436-60-020(7)(f) states that, when the employe returns to the non-injury job only, benefits are due based on the combined *earning power* of both jobs. It does not direct that the *wage rate* be based on the wages of both jobs. We conclude that the emphasized portion of OAR 436-60-020(7)(f) merely requires that, in the case of dual employment, wages of both jobs, including the job not giving rise to the injury, be considered for the purpose of calculating a claimant's percentage loss of earning power. The Board correctly held, however, that the temporary total disability rate must be based only on the wages of the job where the injury occurred.

Affirmed.