In the Matter of the Compensation of
Richard H. Church, Claimant.

LIBERTY NORTHWEST INSURANCE CORP.,
and Norris & Stevens,
*Petitioners,*

*v.*

Richard H. CHURCH,
Kinsman Investors and United Pacific Insurance,
*Respondents.*

(WCB Case Nos. 88-08913, 88-08912,
88-0506 & 88-02266; CA A64096)

808 P2d 106

Stafford J. Hazelett, Portland, argued the cause and filed the brief for petitioners.

Ralph M. Yenne, Salem, argued the cause and filed the brief for respondent Church.

Craig A. Staples, Portland, argued the cause for

respondents Kinsman Investors and United Pacific Insurance. With him on the brief was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Norris & Stevens, Inc., Realtors (N & S), seeks review of a decision of the Workers' Compensation Board determining that it, and not Kinsman Investors (Kinsman), is claimant's employer.

The Board's findings are supported by substantial evidence. Kinsman, a partnership, and N & S entered into a property management agreement whereby N & S agreed to manage, rent and direct operation of Kinsman's real property, including The Park Apartments. Under the agreement, N & S had the power to

> "employ, pay, direct and discharge all employees deemed by the agent necessary for the operation and maintenance of said premises; all such employees conclusively shall be and deemed to be for all purposes the employees of the owner and not employees of the agent and the agent shall not be responsible for any of their acts, defaults or negligence or for any error of judgment or mistake of law or of fact in connection with their employment, conduct or discharge."

Kinsman agreed to carry workers' compensation insurance for the employees and to hold N & S harmless from all claims.

Claimant completed an application for employment as an apartment complex manager. The application did not identify the name of the employer. Claimant signed an employment agreement in January, 1986, which provided:

> "It is understood that managers are employees of [The Park Apartments] which is managed by Norris & Stevens, Realtors who will provide sole direction and supervision as agents of owners."

The agreement further provided:

> "It is understood that Norris & Stevens, Realtors acting as agents for the owners, has the right to cancel this agreement forthwith for cause."

Again, the name of the owner of The Park Apartments was not disclosed. In May, 1987, claimant received a letter from a general partner of Kinsman, congratulating him on his good work.

Kinsman listed claimant as its employee on its tax forms and also acquired workers' compensation insurance for

him. Claimant submitted wage requests to N & S. The Board found that claimant was paid by Kinsman for his work at The Park Apartments. Beginning in August, 1987, claimant also received payment from N & S for work done at the Plaza Shopping Center, a building under different ownership.

Claimant was injured in October, 1987, when he fell from a ladder while cleaning gutters at The Park Apartments. He filled out a claim form, which got sent to Kinsman. Kinsman's insurer deferred acceptance or denial of the claim and began paying interim compensation and providing vocational services. At that time, claimant told the vocational worker that his employer was N & S. In March, 1988, Kinsman denied responsibility for the claim on the ground that claimant was the employee of N & S. N & S denied responsibility for a claim that claimant then submitted to it and, because all parties agreed that the claim was compensable, the Workers' Compensation Division issued an order under ORS 656.307 designating Kinsman's insurer as the paying agency.

In affirming the referee's conclusion that claimant was the employee of N & S, the Board relied on these facts:

> "The property manager by contract had the responsibility to oversee the maintenance of the owner's property. They [sic] hired the claimant; they supervised him; they evaluated him and told him what he should do to improve his performance; they sent him instructions from time to time; and they eventually fired him.

> "Claimant was paid from a trust fund set up for Park Apartments. His wages were a business expense of the owner. The owner didn't have and/or never exercised direct control over the claimant. The trust fund was funded by rents from the apartment complex. The property manager could authorize repairs up to $750.00 without the owner's consent.

> "The claimant himself was under the impression that Norris & Stevens were his employers [sic]. His pay check was sent by Norris & Stevens or he picked it up in their [sic] office."

Kinsman contends, relying on *Newport Seafood v. Shine,* 71 Or App 119, 124, 691 P2d 132 (1984), that whether there is an employment relationship must be viewed from the worker's perspective and that the question is whether claimant considered N & S or Kinsman to be his employer. It

contends that, because the Board found that claimant believed that N & S was his employer, it *was* his employer for purposes of workers' compensation law. Kinsman's reliance on *Newport Seafood* is misplaced. That case involved an application of the "loaned servant" doctrine. Its analysis has no bearing here.

The two elements necessary to create an employment relationship for the purposes of workers' compensation are a contract to pay remuneration for services and the right to direct and control the services of the worker. ORS 656.005(13); ORS 656.005(27); *Martelli v. R.A. Chambers and Associates,* 310 Or 529, 800 P2d 766 (1990). The Board's findings support only the conclusion that claimant was employed by Kinsman, not N & S. Although claimant may not have realized it, his written contract of employment was with Kinsman, as the owner of The Park Apartments. Although he may not have known it, he was paid by Kinsman, and Kinsman exercised its power to control his daily work activities through its agent, N & S. Kinsman treated claimant as its employee for all purposes. The Board erred in holding that claimant was employed by N & S.

N & S is correct that claimant's benefits should be determined solely on the basis of the wages that he earned as manager of The Park Apartments. *Bolton v. Oregonian Publishing,* 93 Or App 289, 761 P2d 1354 (1988).

Reversed and remanded for entry of an order that Kinsman Investors is claimant's employer.