Argued and submitted January 22, affirmed April 24, 1991

In the Matter of the Compensation of
Cissie L. St. Clair, Claimant.

*and*

In the Matter of the Complying Status of
Nugget Realty, Inc.,
dba Century 21 Nugget Realty,
John P. Reaksecker and Linda Williamson,

CITIZENS SAVINGS & LOAN
and Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

Cissie L. ST. CLAIR;
Nugget Realty, Inc.,
dba Century 21 Nugget Realty;
John P. Reaksecker; Linda Williamson
and SAIF Corporation,
*Respondents.*

(WCB Nos. 88-03192, 88-03193, 88-05465;
CA A65156)

809 P2d 730

David O. Wilson, Eugene, argued the cause for petitioners. With him on the brief was Employers Defense Counsel, Eugene.

James L. Edmunson, Eugene, argued the cause and filed the brief for respondent Cissie L. St. Clair.

Jeffrey E. Potter, Eugene, argued the cause for respondents Nugget Realty, Inc., John P. Reaksecker and Linda Williamson. With him on the brief were Herb Lombard and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent SAIF Corporation.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Citizens Savings and Loan (Citizens) seeks review of a decision of the Workers' Compensation Board affirming the referee and holding that it must pay claimant benefits for her compensable injury.

The Board's findings are supported by substantial evidence. Citizens, a savings and loan association, contracted with Nugget Realty, Inc. (Nugget), a property management firm, to manage the Cottage Grove Hotel. Citizens had acquired the hotel by foreclosure or a deed in lieu of foreclosure and was not otherwise in the hotel business. Citizens directed Nugget to hire a resident manager for the hotel. Nugget advertised for a manager and, with Citizens' approval, hired claimant and her husband. They were provided with an apartment and $5.00 per hour for cleaning and maintenance work. Nugget directed claimant's activities. Nugget had to submit any proposals for repairs to the hotel to Citizens for approval. At Citizens' direction, Nugget established a bank account for the hotel, in which it deposited rental receipts and from which it paid claimant. Nugget provided Citizens with a monthly accounting of receipts and expenses.

Claimant was injured while carrying a sofa up a flight of stairs at the hotel. She filed a claim with both Nugget and Citizens. The Workers' Compensation Division determined that claimant was Nugget's employee and that Nugget was a noncomplying employer. It referred the claim to SAIF for processing, and SAIF accepted the claim as a disabling injury. Nugget requested a hearing on the issue of compliance only. It did not challenge the determination that claimant was its employee. Citizens also accepted the claim but three months later rescinded its acceptance. Claimant filed a request for hearing after the rescission, which was consolidated with Nugget's request for hearing.

Although the referee determined that Nugget was claimant's employer, it set aside Citizens' denial and found Citizens responsible for claimant's injury under ORS 656.029(1).[1]

---

[1] ORS 656.029 provides, in part:

"(1) If a person awards a contract involving the performance of labor where such labor is a normal and customary part or process of the person's trade or

Citizens appealed the referee's order. The Board affirmed the referee, reasoning that, having accepted the claim, Citizens could not properly deny it without establishing fraud, misrepresentation or other illegal activity by claimant. *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983). It determined that, because Citizens could not withdraw its acceptance, and SAIF's acceptance of the claim had not been challenged, the case was essentially in the status of a "responsibility" dispute. Apparently reasoning that claimant could not receive benefits from both employers, the Board determined that it needed to decide which of the two entities was "responsible" for the claim.

On the merits, the Board concluded that claimant was Citizens' employee. It found that, when Nugget hired claimant, it was acting as Citizens' agent and that, although Nugget directed claimant's day-to-day work activities, Citizens paid claimant and had the *right* to control her activities and to terminate her employment.

■■ We affirm the Board's decision that Citizens could not deny the claim after having accepted it, *Bauman v. SAIF, supra,* and that it acted unreasonably in doing so. Additionally, we conclude that there is substantial evidence to support the Board's findings and that the Board could properly conclude that claimant was Citizens' employee. *See Lib-*

business, the person awarding the contract is responsible for providing workers' compensation insurance coverage for all individuals, other than those exempt under ORS 656.027, who perform labor under the contract unless the person to whom the contract is awarded provides such coverage for those individuals before labor under the contract commences. If the individual who performs labor under the contract incurs a compensable injury, and no workers' compensation insurance coverage is provided for that individual by the person who is charged with the responsibility for providing such coverage before labor under the contract commences, that person shall be treated as a noncomplying employer and benefits shall be paid to the injured worker in the manner provided in ORS 656.001 to 656.794 for the payment of benefits to the worker of a noncomplying employer.

"(2) If a person to whom the contract is awarded is exempt from coverage under ORS 656.027, and that person engages individuals who are not exempt under ORS 656.027 in the performance of the contract, that person shall provide workers' compensation insurance coverage for all such individuals. If an individual who performs labor under the contract incurs a compensable injury, and no workers' compensation insurance coverage is provided for that individual by the person to whom the contract is awarded, that person shall be treated as a noncomplying employer and benefits shall be paid to the injured worker in the manner provided in ORS 656.001 to 656.794 for the payment of benefits to the worker of a noncomplying employer."

*erty Northwest Ins. Corp. v. Church,* 106 Or App 477, 808 P2d 106 (1991).

■  Citizens contends, however, that, because the referee found that Nugget was claimant's employer and Nugget did not contest that determination, the finding is conclusive and precludes the Board from finding that Citizens was claimant's employer. The issue before the referee and the Board concerned which of the two entities was obligated to pay claimant benefits. Although Nugget did not appeal the referee's decision, Citizens did, and it thereby brought to issue all questions related to its obligation to pay benefits, including whether claimant was Nugget's or Citizens' employee.[2] The Board did not err in deciding the issue.

Affirmed.

---

[2] In view of our determination affirming the Board's holding that claimant is Citizens' employee, Citizens' argument that Nugget engaged claimant in the performance of its contract with Citizens, and is therefore responsible pursuant to the provisions of ORS 656.029(2), is moot.